Dennis Alonzo REYMAN, Appellant,

v.

Minnie Merle REYMAN, Appellee.

No. 3522.

Court of Civil Appeals of Texas.

Waco.

Dec. 19, 1957.

Rehearing Denied Jan. 16, 1958.

Robert W. Brown, Gatesville, for appellant.

Harry W. Flentge, Gatesville, for appellee.

McDONALD, Chief Justice.

This case is before us upon a petition for a writ of error seeking revision and correction of a judgment entered by the District Court of Coryell County. Parties will be referred to as in the Trial Court. The *only record* before us is the transcript, which reflects the following: On *5 February 1957*, plaintiff Minnie Merle Reyman filed suit for divorce against her husband, defendant Dennis Alonzo Reyman. The petition alleged cruel treatment; no property; sought no attorney's fees; and prayed for judgment for divorce.

On *13 March 1957* defendant executed a waiver, in which he acknowledged receipt of a copy of the petition; accepted service of process and waived issuance and service of process, *"and agrees that the petition may be amended without further notice to him."*

On *25 March 1957* plaintiff filed an amended petition which prayed for the divorce as in the original petition, *and in addition, "plaintiff shows that out of her separate funds, she loaned to defendant $846 * * * and that by reason thereof, she is entitled to a judgment against the defendant for the sum of $846."* Plaintiff further prayed for $250 as attorney's fees.

On *6 April 1957* defendant's waiver executed on *13 March 1957* was filed and on this same date, *6 April 1957*, the complained of judgment was entered, pertinent portions of which are:

"Minnie Merle Reyman, Plaintiff, v. Dennis Alonzo Reyman, Defendant. | In the District Court of Coryell County, Texas.

"On this day came on to be heard the above styled and numbered cause, and came plaintiff in person and by attorney * * *. And it appearing to the court that the defendant has heretofore waived the issuance of citation and accepted service herein;

"And it further appearing to the court, from an inspection of the record herein and from the evidence, * * * no jury having been demanded, the court proceeded to try said cause * * * and the court having heard the pleadings read and the evidence * * *.

"It is therefore Ordered, Adjudged, and Decreed that * * * the plaintiff is granted a divorce from the defendant * * *.

"It is further Ordered * * * plaintiff do have judgment from defendant for the sum of $846 which the plaintiff loaned to defendant * * * and the sum of $100.00 as attorney's fees."

On *17 September 1957* defendant filed his petition for a writ of error for a revision and correction of such judgment, together with necessary writ of error bond.

No Motion for New Trial or Bill of Review was ever filed in the Trial Court. As noted, there is no statement of facts brought forward.

Defendant contends in his brief that he signed the waiver to the original petition seeking divorce only; and that thereafter plaintiff filed the amended pleading seeking in addition to the divorce, judgment for $846 for money loaned and the attorney's fees; that he waived issuance and service of citation only, and had not made an appearance in court in the case; and that he had no notice that judgment for the $846 and attorney's fees was to be sought. Defendant seeks a reversal and remand of the case, or in the alternative, a reversal and remand of that part of the judgment granting plaintiff the $846 money judgment and the $100 attorney's fees. Defendant further contends that the Trial Court erred in rendering a money judgment because the money sought was upon an open account and the petition seeking same was unverified.

We think the sole issue to be determined in this case is whether or not the waiver instrument executed by defendant on 13 March 1957 constitutes a waiver of process only—or whether it constitutes an appearance in the case.

█ It is elementary that no judgment can be rendered against any defendant unless upon service, or acceptance or waiver of process. See Art. 2050 R.C.S.;* 33 Tex.Jur. p. 798.

█ The rule is that if an amended pleading asserts a new cause of action distinct from that stated in the original pleading, or requires a more onerous judgment against the defendant, and if the defendant is not actually in court, or if service is not otherwise dispensed with, a new service of process is essential to enable the plaintiff to proceed to judgment. 33 Tex.Jur. p. 801; Foster v. National Bondholders Cor-

poration, Tex.Civ.App., 123 S.W.2d 506; Morrison v. Walker, 22 Tex. 18.

█ The further rule is that a defendant who is in court by reason of having filed an answer is not entitled to service of new process after an amendment of plaintiff's petition, even if the amendment sets up a new cause of action. 33 Tex.Jur. p. 802.

The court, in Landram v. Robertson, Tex.Civ.App., 195 S.W.2d 170, 173, quoting from Phillips v. The Maccabees, Tex. Civ.App., 50 S.W.2d 478, summarizes the foregoing rules thusly:

"The general rule is stated to be that a defendant who has been cited but has not answered must be notified of every amendment which sets up a new cause of action or requires a more onerous judgment of him; but if he has pleaded to the action or otherwise entered an appearance therein, he is before the court for all purposes and is charged with notice of all amendments thereafter filed."

In the case at bar, as noted, there was no service of process or citation, but the defendant executed an instrument denominated "acceptance of service—waiver of citation".

█ A simon-pure waiver of citation is not an answer, but places the defendant in the same position in which he would be if process had been served upon him. Alexander v. Davis, Tex.Civ.App., 57 S.W. 2d 354. In such a situation, if plaintiff filed amended pleadings setting up a new cause of action or praying for a more onerous judgment against defendant than sought in the original pleadings, the defendant to be bound by a judgment would have to be served with new process or induced to execute a new waiver.

With the foregoing principles of law in mind, we come now to a consideration of the instrument executed by defendant. Pertinent portions of same are quoted:

---

* Now Texas Rules of Civil Procedure, rule 124.

"Waiver for Male

Acceptance of Service—Waiver of Citation
No. 8494

"Minnie Merle Reyman, Pltf.     In the District Court of Coryell County, Texas.

v.

Dennis Alonzo Reyman, Deft.

"Comes now Dennis Alonzo Reyman of Laughlin Air Force Base, Del Rio, Texas, and hereby states that he is the defendant in the above entitled and numbered cause, and that the copy of the petition in said cause has been delivered to him, the receipt of which is hereby acknowledged, and that he hereby accepts service of process in such cause and waives the issuance and service of such process, *and agrees that the petition may be amended without further notice to him.*

       "/s/ Dennis Alonzo Reyman

\*    \*    \*    \*    \*    \*

Subscribed \* \* \* the *13th day of March* 1957 \* \* \*."

Filed
6 Apr. 1957

■ Gauged by the test imposed by the authorities cited, has defendant executed only a waiver of process in the case, in which event he must be served with amended pleadings setting up a new cause of action against him, or has he "pleaded to the action *or otherwise entered an appearance therein"*, in which event he is before the court for all purposes, and is charged with notice of all amendments filed?

The instrument executed by defendant brings defendant into court just as if he had been served with citation, and in addition, by its express terms, provides *"and (defendant) agrees that the petition may be amended without further notice to him."* Of course plaintiff had the right to amend without defendant's agreement (Rule 63 T.R.C.P.), but absent the foregoing agreement, had plaintiff amended, plaintiff would have had to have defendant served with process on the amended pleading or obtain a new waiver, if the amended pleading set up a different cause of action, prior to proceeding to judgment. But here defendant expressly agreed in unequivocal language of easy understanding that plaintiff could amend without further notice to him. We think defendant waived thus his otherwise right to be served with process and notice of the amended pleading. Having signed such an instrument, we think defendant is charged with notice of all amendments thereafter filed just as surely as he would have been had he answered in the case.

■ As noted heretofore, this case is before us on the transcript alone; there is no statement of facts; and we can reverse only upon a showing of error on the face of the record. The face of the record affirmatively shows that defendant agreed that pleadings could be amended without further notice to him—thereby waiving his right to complain of the filing of such amended pleadings.

It should be noted at this point that Rule 119–a, T.R.C.P. requires the District Clerk to forward a certified copy of divorce judgments to each party, and in the absence of a showing to the contrary it is presumed that the Clerk did his duty (and counsel herein so stated to this court on oral argument). Defendant therefore had a copy of this judgment he now complains of shortly after 6 April 1957. If he felt that he had been tricked or had fraud practiced upon him he could have moved for a new trial in the Trail Court, or sought redress by way of a Bill of Review and made a record upon such hearing of his contentions. As the matter now stands, defendant is before this court *without a statement of facts,* seeking a reversal only upon the face of the record. That record reflects that he signed away his right to be served with amended pleadings. We are powerless to grant the relief sought under the circumstances.

■ Defendant's further contention, noted supra, that the claim for money judgment was on an open account on an unverified petition is without merit. The

judgment herein recites that plaintiff claimed for money loaned to defendant from her separate funds, and that same was proved by full and satisfactory evidence. We do not think that a verified petition was requisite under the circumstances.

It follows that the judgment of the Trial Court is affirmed.