GUARANTY BANK, Petitioner,

v.

Don THOMPSON, Respondent.

GUARANTY BANK, Petitioner,

v.

Everett O'DOWD, Respondent.

Nos. C–707, C–708.

Supreme Court of Texas.

March 31, 1982.

Rehearing Denied May 26, 1982.

Winstead, McGuire, Sechrest & Trimble, Jay J. Madrid, W. Mike Baggett and Donald F. Hawbaker, Dallas, for petitioner.

Kirk Kuykendall, Austin, Everett H. O'Dowd, Waco, for respondents.

GREENHILL, Chief Justice.

This is Guaranty Bank's appeal from two default judgments. Guaranty Bank filed a "motion to set aside default judgment and for new trial" in each case, and the trial court overruled both motions. The court of civil appeals affirmed. 619 S.W.2d 217 and 221.

The court of civil appeals held that Guaranty Bank's motions for new trial failed to set up a meritorious defense as specified in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). We disagree. The judgments of the court of civil appeals are reversed, and the causes are remanded to the trial court for a trial.

Don Thompson and Everett O'Dowd, as plaintiffs, each filed suit against D. R. Mansell and Guaranty Bank to recover the balances due on two promissory notes executed by Mansell. Guaranty Bank did not sign the notes on which it has been held liable. Thompson and O'Dowd also sought to foreclose a security interest in some bank stock allegedly securing payment of the notes. Guaranty Bank filed pleas of privilege to have the actions against it transferred to Dallas County. At the time of the filing of the pleas, Guaranty Bank did not file an answer on the merits. The pleas of privilege were both overruled by the trial court, and Guaranty Bank appealed.

The court of civil appeals dismissed the appeal. The Bank applied to this court for a writ of error. While the application was pending before us, the trial court proceeded to render interlocutory default judgments against the Bank. The judgments were rendered without notice to the Bank, and were rendered at other than a regular setting of the cause. The judgments were for the outstanding balances owed by Mansell on the promissory notes. The interlocutory judgments were made final. When the Bank learned of the default judgments, it timely filed its motion to set aside default judgment and for new trial. It offered to pay costs necessitated by any delay.

The rule applicable to a motion for new trial which seeks to set aside a default judgment is stated in *Craddock v. Sunshine Bus Lines, Inc.,* cited just above:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. 133 S.W.2d at 126. The motion must allege facts which in law constitute a defense to the plaintiff's cause of action. The motion must also be supported by affidavits or other evidence proving prima facie that the defendant has a meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

It is not disputed that Guaranty Bank did not intentionally fail to answer, or that Thompson and O'Dowd would not suffer injury or delay as a result of a granting of the motion for new trial. The controlling question is whether the following language from Guaranty Bank's motion for new trial sets up a meritorious defense to the allegations of Thompson and O'Dowd:

There exists a valid and meritorious defense to plaintiff's action in that a perfect tender of moneys due Plaintiff growing out of his sale of stock to Defendant D. R. Mansell was made to Plaintiff. Plaintiff rejected same and returned the cashier's check which had previously been tendered to Plaintiff. Under the applicable provisions of the Texas Business and Commerce Code, Guaranty Bank, by having made such tender is discharged from any liability to Plaintiff growing out of the asserted cause of action.

Evidence at the new trial hearing showed that Guaranty Bank was not a party to either the installment notes sued upon or the contracts of sale for the bank stock. D. R. Mansell was the promisor on the Thompson and O'Dowd notes, and the buyer on both contracts. Testimony at the hearing also revealed that two certified checks were drawn by Mansell and tendered to both

Thompson and O'Dowd. The check to Thompson was for $33,289.32, and the check to O'Dowd was for $20,804.15. The dollar amounts represent the total outstanding sums Mansell owed Thompson and O'Dowd on the installment notes. O'Dowd returned the checks uncashed to Guaranty Bank, the drawee.

Section 3.604 of the Texas Business and Commerce Code is the section governing liability of a tendering party and others with a right of recourse against that party, and it is here that Guaranty Bank finds its meritorious defense. Section 3.604 provides in pertinent part:

§ 3.604 Tender of Payment

(a) *Any party* making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney's fees.

(b) The holder's refusal of such tender wholly discharges any party who has a right of recourse against the party making the tender. [emphasis ours]

Under section 3.604(a) above, the tender to O'Dowd and Thompson of the outstanding sums due on the installment notes and the subsequent refusal of that tender relieve Mansell, the debtor, of liability for interest, costs and attorney's fees, but not from liability for the principal outstanding debt. Guaranty Bank, not a party to the note but a party with a right of recourse against Mansell, would be discharged from all liability on the note by virtue of that tender under section 3.604(b). As such, Guaranty Bank has set up a meritorious defense to the allegations of Thompson and O'Dowd.

It was alleged by testimony at the new trial hearing that Guaranty Bank was a party to the note, as well as being the party making tender. Although possibly relevant to rebut Guaranty Bank's defense of tender in a trial on the merits, a motion for new trial should not be denied on the consideration of counter-testimony. *Cragin v. Henderson County Oil Development Co.*, 280 S.W. 554 (Tex.Comm'n App. 1926, holding approved).

Guaranty Bank has met the requirements of *Craddock* and is entitled to have the default judgments set aside. The judgments of the court of civil appeals are therefore reversed and both causes are remanded to the trial court for trial on the merits.