Brian Keith ROSE, Appellant,

v.

Virginia D'Anna ROSE, Appellee,

and

In the interest of T.C.R. and H.M.R., Children.

No. 10–01–215–CV.

Court of Appeals of Texas, Waco.

Aug. 1, 2003.

---

Jimmy L. Verner, Jr., Verner & Brumley, P.C., Dallas, for appellant.

James G. Leonard, James G. Leonard, P.C. & Associates, Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

This is an appeal of judgments modifying a child custody order and awarding damages for interference with the order. Brian Rose appeals, contending in two issues that the judgments are void. We overrule Brian's issues.

This is not a typical appeal from an order modifying child custody and visitation. Besides the original divorce proceeding and the new modification suit, this case involves a third, a new suit for enforcement of visitation by contempt and for money damages for interference with visitation. The divorce decree is not at issue in this appeal. The other two, both new suits, were filed in, and proceeded to judgment in, the same cause number as the original divorce action. The judgments in these new suits are both contained in one document, captioned as an order *nunc pro tunc*. However, Brian's different responses to the new suits at trial resulted in the rendition of different sorts of judgments against him in the two different suits. On appeal, Brian raises only narrow voidness challenges to the judgments.

For this reason, we first set out Brian's issues in full. Next, we state the applicable law that is necessary to appreciate the importance of the factual and procedural history. Only then do we set out those facts. Lastly, we apply the law to the facts.

## ISSUES

Brian presents two very narrow issues:

"1. The default judgment of June 20, 2001, is void to the extent that it purports to adjudicate the modification suit because the record does not show that Respondent was served with a citation or a copy of the petition.

2. The default judgment of June 20, 2001, is void to the extent that it purports to adjudicate the damages

suit because the record does not show that Respondent was served with Petitioner's Second Amended Petition, which was filed the day prior to trial."

The judgments are not void on either ground. In the modification suit, Brian appeared and thus waived service of citation. In the suit for damages, Virginia's amended motion for damages did not seek a more onerous judgment than her original motion, so that service of the amended motion on Brian by citation was not required.

## APPLICABLE LAW

■ The circumstances that render a judgment void are rare. *Mapco, Inc., v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (orig.proceeding) (per curiam). "A judgment is void only when it is apparent that the *court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." Id.* at 702.

■ Jurisdiction of the parties, or "personal jurisdiction concerns the court's power to bind a particular person or party." *CSR, Ltd., v. Link*, 925 S.W.2d 591, 595 (Tex.1996). Without actual service on a defendant or an effective substitute for service, a trial court generally lacks the power to render judgment against the defendant. TEX.R. CIV. P. 124. The purpose of service of citation is to ensure that the defendant has notice of the suit. *See Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 492 (Tex.1995) (per curiam). A trial court usually acquires personal jurisdiction over the defendant by virtue of the plaintiff's service of citation on the defendant. *See* TEX.R. CIV. P. 99, § a. Failing actual service of citation, a defendant may affirmatively waive citation. *Id.* 119. A defendant may also waive service

by voluntarily entering a general appearance, filing an answer, or invoking the court's jurisdiction. *Id.* 120–121; *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex.1998). Moreover, a defendant may be deemed to have appeared: if a defendant challenges the court's personal jurisdiction, and the court overrules the challenge, the defendant is deemed to have entered an appearance. TEX.R. CIV. P. 120a, § 1; 122.

■ In general, moreover, parties who are before the trial court by virtue of their answer or appearance are deemed to have notice of amended pleadings. *See Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999); *Reyman v. Reyman*, 308 S.W.2d 595, 598 (Tex.Civ.App.-Waco 1957, writ dism'd). However, if an amended petition sets up a new cause of action or seeks a more onerous judgment than the original petition, then a defendant who has been served by citation but has not answered must be served by new citation with the amended petition. *Arce v. Burrow*, 958 S.W.2d 239, 257 (Tex.App.-Houston [14th Dist.] 1997), *rev'd in part*, 997 S.W.2d 229; *Baten Erection Corp. v. Iron Workers' Pension Trust Fund*, 608 S.W.2d 262, 263–64 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ); *but see In re R.D.C.*, 912 S.W.2d 854, 856 (Tex.App.-Eastland 1995, no writ) (TEX.R. CIV. P. 21 permits service of amended petition as provided in TEX.R. CIV. P. 21a). Such amendments that do not alter the plaintiff's grounds of recovery "have little potential for surprising" the defendant. *Shook v. Republic Nat'l Bank*, 627 S.W.2d 741, 750 (Tex.App.-Tyler 1981), *rev'd on other grounds sub nom. RepublicBank Dallas v. Shook*, 653 S.W.2d 278 (Tex.1983).

■ In general, a plaintiff may take a default judgment against a defendant who fails to file an answer within the time

allowed and fails to appear when the trial court calls the cause for trial. TEX.R. CIV. P. 99, 237–239. A defendant who neither answers nor appears has "'admitted' the facts properly pled and the justice of the opponent's claim." *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979).

▮▮▮ Strictly speaking, a judgment rendered against a defendant who appears but does not file an answer is not a Rule 239 default judgment, but a judgment *nihil dicit*. *Nihil dicit* literally means "he says nothing," that is, "defendant says nothing." *Frymire Eng. Co. v. Grantham,* 524 S.W.2d 680, 680 (Tex.1975) (per curiam); BLACK'S LAW DICTIONARY 1067 (7th ed.1999). A defendant who appears, but does not put the merits of the plaintiff's case at issue, is subject to judgment *nihil dicit*. *Stoner,* 578 S.W.2d at 683. This situation may arise when the defendant either makes a dilatory plea without filing an answer, or withdraws its answer. *Frymire Eng. Co.* at 681. A judgment *nihil dicit* is, in its effect, similar to a no-answer default judgment. *Stoner* at 682. However, a judgment *nihil dicit* "carries an even stronger confession than the default judgment." *Id.* The submission to a judgment *nihil dicit* "is an abandonment of every known defense or any defense which ordinary diligence could have disclosed." *O'Quinn v. Tate,* 187 S.W.2d 241, 245 (Tex.Civ.App.1945, writ ref'd) (quoting 25 TEX. JUR. § 53 at 420 (current version at 47 TEX. JUR.3D *Judgments* § 61 (1998))); *Guar. Bank v. Thompson,* 619 S.W.2d 217, 220 (Tex.Civ.App.-Waco 1981) (quoting *O'Quinn*), *rev'd on other grounds,* 632 S.W.2d 338 (Tex.1982). In particular, a judgment *nihil dicit* "imports a waiver of all objections to the service and return of process." *Id.*

▮▮▮ The judgments of which Brian complains adjudicate both a petition to modify the divorce decree and a suit for damages. *See* TEX. FAM.CODE ANN. chs. 42, 156 (Vernon 2002). A petition to modify an existing order affecting the parent-child relationship is a new suit. *Id.* § 156.004; *Normand v. Fox,* 940 S.W.2d 401, 403 (Tex.App.-Waco 1997, no writ). Thus, persons whose rights or duties may be affected by a petition to modify are entitled to service by citation. TEX. FAM.CODE ANN. § 156.003. A motion to modify an existing judgment, which is erroneously filed in the same cause as the existing judgment, is nonetheless effective to commence a new suit. *Curtis v. Gibbs,* 511 S.W.2d 263, 268 (Tex.1974) (orig.proceeding).

▮▮▮ A motion to enforce an existing judgment, on the other hand, is generally not a new suit. *See N.J. Bank v. Knuckley,* 637 S.W.2d 920, 921 (Tex.1982). A motion to enforce a final order in a suit involving the parent-child relationship may, however, become a new suit. *See* TEX. FAM.CODE ANN. ch. 157 (Vernon 2002). If a motion for enforcement of an order in a suit affecting the parent-child relationship is joined with another claim, the motion becomes a new suit. *Id.* § 157.062(d). And a movant may join a motion for enforcement with "any claim or remedy" provided for in suits affecting the parent-child relationship "or other rules of law." *Id.* § 157.003(a). Thus, Section 157.003 "liberally provides for joinder of claims in a suit affecting the parent-child relationship." *Barrientos v. Nava,* 94 S.W.3d 270, 277 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

▮▮▮ When a proceeding in a suit affecting the parent-child relationship is statutorily designated as a new suit, a determination of that proceeding is a final order that is appealable. *See Bilyeu v. Bilyeu,* 86 S.W.3d 278, 282 (Tex.App.-Austin 2002, no pet.).

## FACTUAL BACKGROUND

In November, 1999, Brian and Virginia Rose were divorced in Texas. Their marriage had produced two children, T.C.R. and H.M.R. In the final divorce decree, the trial court appointed the Roses joint managing conservators of the children, and entered a standard possession order. *See* Tex. Fam.Code Ann. §§ 153.311–153.317 (Vernon 2002). The decree designated Brian as the parent having the exclusive right to establish the primary residence of H.M.R., and gave Virginia the exclusive right to establish the primary residence of T.C.R. *See id.* § 153.134(b) (Vernon 2002). At the time of the divorce, Brian resided in Bossier City, Louisiana, and Virginia resided in Bardwell, Texas. The decree designates a location in Tyler, Texas, where the Roses were to meet to surrender possession of the children to each other.

In March, 2000, Brian moved to England in connection with his military service, and took H.M.R. with him.

In December, 2000, Virginia commenced a suit for modification of the divorce decree by filing an original petition to modify the parent-child relationship. Virginia petitioned the court to appoint her sole managing conservator of both children, and to designate her as the parent having the exclusive right to establish the primary residence of both children. The original petition did not use Brian's proper name, but referred to him only as "Respondent." Virginia moved for, and the trial court granted, personal service on Brian at his parents' house in Ohio by private process server. *See* Tex.R. Civ. P. 103.

On December 18, the process server personally served Brian by citation with a copy of the petition to modify, and personally served him with an order to appear at a hearing on the petition.

On January 2, 2001, the trial court held a hearing on the petition to modify. At that time, the record did not show that Brian had been served. Virginia's attorney testified that Brian had been personally served with the petition and order to appear, and that Brian had called the attorney to say that he could not attend the hearing. The trial court withheld ruling pending proof of service on Brian, but stated that it would grant Virginia's petition on proof of service.

On January 9, Virginia filed proof of service of the petition to modify and order to appear.

On January 11, Brian filed a special appearance. *See* Tex.R. Civ. P. 120a. Subject to his special appearance, Brian filed a motion to quash service, motion to dismiss for lack of exclusive continuing jurisdiction, motion to strike the petition, motion to abate, plea of forum non conveniens, motion for new trial, motion for sanctions, and motion for attorney's fees.

On January 24, the trial court held a hearing, at which Brian appeared by counsel.

On March 20, the trial court ruled on Brian's pleadings. The court found that it had jurisdiction over Brian, based on Brian's personal appearance in the divorce proceeding. The court granted a new hearing on the "issues covered in the January 2, 2001, hearing." The court also ordered Virginia to amend her petition to modify to name Brian as the respondent, and to serve the amended petition on Brian.

On March 30, Virginia filed her second amended petition to modify and her original motion for enforcement and for damages. The amended petition to modify stated Brian's proper name and corrected his address. The motion for damages alleged that Brian had interfered with Virginia's visitation with H.M.R. on some twenty-seven occasions. Virginia attempted

service of the petition and motion on Brian by certified mail to England. On April 9, Virginia's attempted services were returned for incomplete or incorrect addresses, or for the failure to use the correct United States Postal Service form for international certified mail.

On April 19, Virginia moved for, and the trial court granted, alternative service of the petition and motion by personal service on Brian at his parents' home in Ohio. *See* Tex.R. Civ. P. 106. On April 26 and 28, process servers attempted to serve Brian there, but were unable to do so.

On May 9, Virginia moved for, and the trial court granted, alternative service of the petition and motion on Brian by attaching them to the door of his parents' house.

On May 31, Virginia filed copies of citations for her second amended petition to modify and her original motion for enforcement. The process server's affidavit states that he had taped a copy of the motion for enforcement on the door of Brian's parents' house on May 15. The affidavit does not state that the process server attached a copy of the second amended petition for modification to the door.

On June 12, Virginia filed her first amended motion for enforcement and for damages. The amended motion stated the dates of Brian's alleged violations of the possession order differently than did the original motion. The Clerk's Record does not show service of the amended motion on Brian.

On June 13, the trial court held a hearing on Virginia's petition to modify and motion for enforcement and for damages. At the hearing, Brian appeared by counsel to challenge again the court's personal jurisdiction over him and to challenge his amenability to default judgment under the Soldiers' and Sailors' Civil Relief Act. *See* 50 U.S.C.A. app. §§ 501–594 (1990 & Supp.2003). After the trial court overruled those pleas, Brian's counsel informed the court that she did not represent Brian on the motion for enforcement and damages, and apparently withdrew from counsel's table.

The court rendered judgment for Virginia. *See* Tex. Fam.Code Ann. § 101.026 (Vernon 2002). The court designated Virginia as the parent having the exclusive right to establish the primary residence of both children. The court also awarded Virginia $15,550 for Brian's interference with Virginia's visitation with H.M.R.

On June 20, 2001, the trial court signed the Nunc pro Tunc Order in Suit to Modify Parent–Child Relationship and for Damages under Chapter 42 of the Texas Family Code, of which Brian complains.

In July, Virginia filed an amended affidavit from the process server, which stated that he had attached copies of both the second amended petition to modify and the original motion for enforcement on the door of Brian's parents' home on May 15. *See* Tex.R. Civ. P. 118.

## APPLICATION

### MODIFICATION SUIT

■ In Brian's first issue, he argues that the record does not show that he was served with citation in the suit for modification, and thus contends that the modification judgment is void. To the extent that the trial court's order *nunc pro tunc* adjudicated Virginia's second amended petition to modify, the order is a judgment *nihil dicit*. By submitting to such a judgment, Brian waived any complaint concerning service. In any case, the record shows that Brian was served by citation.

Brian appeared in the modification suit. Brian filed a special appearance and a

motion to quash the service of Virginia's original petition. The overruling of the special appearance and motion to quash resulted in Brian's general appearance before the trial court. Moreover, Brian's voluntary invocation of the trial court's jurisdiction, by filing his plea in abatement, plea of forum non conveniens, and motion for sanctions, effected a general appearance. Further, Brian appeared by counsel at the final hearing on the second amended petition to modify.

Having appeared, however, Brian did not file an answer. Without putting the merits of Virginia's cause of action at issue, Brian submitted himself to a judgment *nihil dicit*. *See O'Quinn*, 187 S.W.2d at 245; *Guar. Bank*, 619 S.W.2d at 220. Brian thus effectively confessed judgment, and waived any complaint concerning service of citation. *See id.*

Thus, Brian's first issue is overruled.

### SUIT FOR DAMAGES

■ In Brian's second issue, he argues that the record does not show that he was served by citation with the first amended motion for enforcement and for damages, and thus contends that the judgment for damages is void.[1] To the extent that the trial court's order *nunc pro tunc* adjudicates Virginia's motion for damages, the order is a no-answer default judgment. Virginia need not have served Brian with her amended motion, since that motion did not seek a more onerous judgment than her original motion.

The record shows, and Brian concedes, that Virginia served Brian with her original motion for enforcement and for damages. Brian did not file an answer in the suit for damages. Nor did he appear in

that suit. Indeed, the record does not disclose any pleadings filed by Brian after his service with the original motion. At the final hearing, moreover, Brian's counsel scrupulously avoided entering an appearance for him on the enforcement motion.

■ A plaintiff must serve a non-answering defendant with amended pleadings only when the amended pleading sets up a new cause of action or seeks a more onerous judgment against the defendant. Virginia's amended motion, to the contrary, merely corrects the dates in her allegations.

Brian cites *Caprock Construction Co. v. Guaranteed Floorcovering, Inc.*, for the proposition that a judgment "is void when it is based on an amended pleading which was not served on the opposing party." *See Caprock Constr. Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 204–205 (Tex.App.-Dallas 1997, no writ). This overstates *Caprock Construction's* holding. *Caprock Construction* follows the general rule that an amended petition that seeks a more onerous judgment requires new service. *See Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 694 (Tex.App.-Corpus Christi 2000, pet. denied). The amended petition in *Caprock Construction* added a new plaintiff and thus "exposed [the defendant] to additional liability." *Caprock Constr.* at 205. The instant cause does not fall within that rule, since Virginia's amended motion for damages did not seek a more onerous judgment.

Thus, the alleged failure of proof of service of the amended motion for damages does not render the judgment for damages void. Brian's second issue is overruled.

---

1. We understand Brian's second issue, phrased in terms of the "second amended petition," to refer to Virginia's first amended motion for enforcement and for damages, which Virginia filed on the day before the final hearing. The appellate record does not contain a second amended petition for enforcement.

## CONCLUSION

Having overruled Brian Rose's issues, we affirm the trial court's judgments.