

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-06-414-CV

LESLIE M. ELLIS AND                                                  APPELLANTS
ALL OTHER OCCUPANTS

V.

FREMONT INVESTMENT AND LOAN                                            APPELLEE

------------

### FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In two issues, Appellants Leslie M. Ellis and All Other Occupants ("Ellis")

assert, as best we can surmise,[2] that they improperly lost possession of

property they occupied because (1) a notice requirement of Texas Property

---

[1] *See* TEX. R. APP. P. 47.4.

[2] Ellis appears pro se, as she did in the justice court and the county
court at law.

Code section 24.005 was not complied with[3] and (2) the property was inadequately described in the "petition."

## II. Factual and Procedural History

On May 2, 2006, Appellee Fremont Investment and Loan ("Fremont") purchased a foreclosure property, 1400 Oakcrest, Aubrey, Denton County, Texas ("the Property"), described more specifically as:

> LOT 63, BLOCK "W," OF PROVIDENCE, PHASE 4, AN ADDITION TO THE CITY OF AUBREY, DENTON COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN CABINET "V," PAGE 246, OF THE MAP RECORDS OF DENTON COUNTY, TEXAS.

On August 10, 2006, Fremont filed suit against Ellis in the Justice of the Peace Court, Precinct 5, Denton County, for forcible detainer under chapter 24 of the Texas Property Code, seeking possession of the Property. On August 21,

---

[3] Section 24.005 of the property code provides in relevant part:

(b) If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate[.]

    . . . .

(f) The notice to vacate shall be given in person or by mail at the premises in question. . . . Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question.

TEX. PROP. CODE ANN. § 24.005(b), (f) (Vernon 2000).

2006, Ellis, without filing a written answer, appeared for a trial to the bench, wherein a judgment for possession in favor of Fremont was signed. Ellis then appealed the decision and the case was assigned to County Court at Law No. 2, Denton County.

On September 12, 2006, the Denton County Clerk gave notice, through a letter, to Ellis that the transcript from the Justice of the Peace case had been filed in the County Court at Law No. 2 and that Ellis should file a written answer within eight days. Ellis never filed a written answer. On November 8, 2006, the case was called to trial in the County Court of Law No. 2. Ellis appeared but failed to contest any part of Fremont's case. Specifically, Ellis failed to object to the evidence offered by Fremont, and the county court admitted into evidence Fremont's "Trustee's Deed" and "Notice to Vacate."

On examination, and after the county court admitted Fremont's exhibits, Ellis testified as follows:

Q: Would you introduce yourself for the record?

A: Leslie M. Ellis.

Q: And you live at this property in question; is that correct?

A: Yes, sir.

Q: And the property was foreclosed on; is that right?

A: Yes, sir.

3

. . . .

Q: Did you receive a notice to vacate the property?

A: Yes, sir.

The county court granted the relief sought by Fremont and signed a judgment in favor of Fremont for possession of the Property. This appeal followed.

### III. Analysis

As previously recounted, although she appeared at the trials, Ellis did not file a written answer and did not contest the evidence Fremont presented in the county court.

> Strictly speaking, a judgment rendered against a defendant who appears but does not file an answer is . . . a judgment *nihil dicit*. *Nihil dicit* literally means "he says nothing," that is, "defendant says nothing." A defendant who appears, but does not put the merits of the plaintiff's case at issue, is subject to judgment *nihil dicit*. . . . A judgment *nihil dicit* is, in its effect, similar to a no-answer default judgment. However, a judgment *nihil dicit* "carries an even stronger confession than the default judgment." The submission to a judgment *nihil dicit* "is an abandonment of every known defense or any defense which ordinary diligence could have disclosed."

*Rose v. Rose*, 117 S.W.3d 84, 88 (Tex. App.—Waco 2003, no pet.) (citations omitted).

An examination of the record first leads us to the "Complaint for Forcible Detainer and Original Petition." This petition describes the Property in

4

accordance with the legal description found in the deed of trust (Exhibit A to the petition), which identifies the Property as 1400 Oakcrest Drive, Aubrey, Texas 76227, the same address where Ellis was served with the petition. Exhibits B and C to the petition are each a "Notice to Vacate Premises" sent by certified mail and first class mail to "Mr. Leslie M. Ellis" and to "All Other Occupants," at 1400 Oakcrest Drive, Aubrey, Texas. In one part of Ellis's brief to this court, Ellis complains of receiving no notice at all and in another place, complains that "[p]laintiff did not give [d]efendants written notice pursuant to 24.001 et eq. [sic] of the Texas Property Code," without describing what the statutory deficiency may be. The documentary evidence, however, belies these complaints because, in the county court, Ellis admitted receiving notice to vacate the property.

Ellis cites to two cases in Texas jurisprudence. *Granberry v. Storey*, 127 S.W. 1122 (Tex. Civ. App. 1910, no writ), Ellis informs us, stands for the proposition that "[a]n objection that the property sought to be recovered in forcible entry and detainer was insufficiently described in the complaint can be first made on appeal." Not so. The case actually says that:

> [t]he objection to the judgment, made for the first time in the motion now being considered, that the description in appellee's complaint of the premises in controversy was insufficient, if meritorious, which we do not concede it to be, comes too late. It should have been made, in the first instance, by an exception to

5

complaint urged in the trial court, where, had it been found to be well taken, the complaint could have been amended.

*Id.* at 1125 (op. on reh'g).

Ellis also cites *Steele v. Steele*, 2 Willson 299, 1884 WL 8338 (Tex. Ct. App. 1884), apparently for some proposition concerning an exhibit attached to a "complaint for forcible detainer," which "did not contain a full and specific description of the premises." In *Steele*, the court found nothing objectionable where the complaint described the premises by referring to an exhibit which contained a full and specific description of the premises, and "[t]he description of the premises [was] merely for identification, and [was] not such matter as is required to be formally averred." *Id*. at *2. Whatever point Ellis is trying to make through this citation, it is not relevant to the facts before us because there is a complete legal description in the petition. The issues which appear to be raised by Ellis are without merit. We overrule them.

### IV. Conclusion

Having overruled the issues raised by Ellis, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:   MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: May 22, 2008