COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-414-CV

 

 

LESLIE
M. ELLIS AND                                                         APPELLANTS

ALL OTHER OCCUPANTS                                                                      

                                                   V.

 

FREMONT INVESTMENT AND LOAN                                          APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








In two issues, Appellants
Leslie M. Ellis and All Other Occupants (AEllis@) assert, as
best we can surmise,[2]
that they improperly lost possession of property they occupied because (1) a
notice requirement of Texas Property Code section 24.005 was not complied with[3]
and (2) the property was inadequately described in the Apetition.@     

II.  Factual and Procedural History

On May 2, 2006, Appellee
Fremont Investment and Loan (AFremont@) purchased
a foreclosure property, 1400 Oakcrest, Aubrey, Denton County, Texas (Athe Property@), described
more specifically as:

LOT
63, BLOCK AW,@ OF
PROVIDENCE, PHASE 4, AN ADDITION TO THE CITY OF AUBREY, DENTON COUNTY, TEXAS,
ACCORDING TO THE MAP THEREOF RECORDED IN CABINET AV,@ PAGE
246, OF THE MAP RECORDS OF DENTON COUNTY, TEXAS.

 








On August 10, 2006, Fremont filed suit against
Ellis in the Justice of the Peace Court, Precinct 5, Denton County, for
forcible detainer under chapter 24 of the Texas Property Code, seeking
possession of the Property.  On August
21, 2006, Ellis, without filing a written answer, appeared for a trial to the
bench, wherein a judgment for possession in favor of Fremont was signed.  Ellis then appealed the decision and the case
was assigned to County Court at Law No. 2, Denton County.

On September 12, 2006, the Denton
County Clerk gave notice, through a letter, to Ellis that the transcript from
the Justice of the Peace case had been filed in the County Court at Law No. 2
and that Ellis should file a written answer within eight days.  Ellis never filed a written answer.  On November 8, 2006, the case was called to
trial in the County Court of Law No. 2. 
Ellis appeared but failed to contest any part of Fremont=s case.  Specifically, Ellis
failed to object to the evidence offered by Fremont, and the county court
admitted into evidence Fremont=s ATrustee=s Deed@ and ANotice to Vacate.@

On examination, and after the
county court admitted Fremont=s exhibits, Ellis testified as follows:

Q:
Would you introduce yourself for the record?

 

A:
Leslie M. Ellis.

 

Q:
And you live at this property in question; is that correct?

 

A:
Yes, sir.

 

Q:
And the property was foreclosed on; is that right?

 

A:
Yes, sir.








. . . . 

 

Q:
Did you receive a notice to vacate the property?

 

A:
Yes, sir.

 

The county court granted the
relief sought by Fremont and signed a judgment in favor of Fremont for
possession of the Property.  This appeal
followed.

III.  Analysis

As previously recounted,
although she appeared at the trials, Ellis did not file a written answer and
did not contest the evidence Fremont presented in the county court.  

Strictly
speaking, a judgment rendered against a defendant who appears but does not file
an answer is . . . a judgment nihil dicit.  Nihil dicit literally means Ahe
says nothing,@ that
is, Adefendant
says nothing.@  A defendant who appears, but does not put the
merits of the plaintiff=s
case at issue, is subject to judgment nihil dicit. . . .  A judgment nihil dicit is, in its
effect, similar to a no‑answer default judgment.  However, a judgment nihil dicit Acarries
an even stronger confession than the default judgment.@  The submission to a judgment nihil dicit Ais an
abandonment of every known defense or any defense which ordinary diligence
could have disclosed.@   

 

Rose v. Rose, 117 S.W.3d 84, 88 (Tex. App.CWaco 2003, no pet.) (citations omitted).








An examination of the record
first leads us to the AComplaint
for Forcible Detainer and Original Petition.@  This petition describes the
Property in accordance with the legal description found in the deed of trust
(Exhibit A to the petition), which identifies the Property as 1400 Oakcrest
Drive, Aubrey, Texas 76227, the same address where Ellis was served with the
petition.  Exhibits B and C to the
petition are each a ANotice to
Vacate Premises@ sent by
certified mail and first class mail to AMr. Leslie M. Ellis@ and to AAll Other
Occupants,@ at 1400
Oakcrest Drive, Aubrey, Texas.  In one
part of Ellis=s brief to
this court, Ellis complains of receiving no notice at all and in another place,
complains that A[p]laintiff
did not give [d]efendants written notice pursuant to 24.001 et eq. [sic] of the
Texas Property Code,@ without
describing what the statutory deficiency may be.  The documentary evidence, however, belies
these complaints because, in the county court, Ellis admitted receiving notice
to vacate the property.

Ellis cites to two cases in Texas
jurisprudence.  Granberry v. Storey,
127 S.W. 1122 (Tex. Civ. App. 1910, no writ), Ellis informs us, stands for the
proposition that A[a]n
objection that the property sought to be recovered in forcible entry and detainer
was insufficiently described in the complaint can be first made on appeal.@  Not so.  The case actually says that:








[t]he
objection to the judgment, made for the first time in the motion now being
considered, that the description in appellee=s complaint of the premises
in controversy was insufficient, if meritorious, which we do not concede it to
be, comes too late.  It should have been
made, in the first instance, by an exception to complaint urged in the trial
court, where, had it been found to be well taken, the complaint could have been
amended.   

 

Id. at
1125 (op. on reh=g).  

Ellis also cites Steele v.
Steele, 2 Willson 299, 1884 WL 8338 (Tex. Ct. App. 1884), apparently for
some proposition concerning an exhibit attached to a Acomplaint for forcible detainer,@ which Adid not
contain a full and specific description of the premises.@  In Steele, the court
found nothing objectionable where the complaint described the premises by
referring to an exhibit which contained a full and specific description of the
premises, and A[t]he
description of the premises [was] merely for identification, and [was] not such
matter as is required to be formally averred.@  Id. at *2.  Whatever point Ellis is trying to make
through this citation, it is not relevant to the facts before us because there
is a complete legal description in the petition.  The issues which appear to be raised by Ellis
are without merit.  We overrule them.

IV.  Conclusion

Having overruled the issues
raised by Ellis, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:    MCCOY, J.; CAYCE,
C.J.; and WALKER, J.

DELIVERED: May 22, 2008











[1]See Tex. R. App. P. 47.4.





[2]Ellis appears pro se, as she did in
the justice court and the county court at law.





[3]Section 24.005 of the property code
provides in relevant part:

 

(b) If the occupant is a tenant at
will or by sufferance, the landlord must give the tenant at least three days= written notice to vacate[.]

 

. . . .

 

(f) The notice to vacate shall be
given in person or by mail at the premises in question. . . . Notice by mail
may be by regular mail, by registered mail, or by certified mail, return
receipt requested, to the premises in question.

 

Tex.
Prop. Code Ann. '
24.005(b), (f) (Vernon 2000).