**Opinion issued March 24, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-18-00935-CV

———————————————

## IN THE INTEREST OF A.P., G.P., AND T.P., CHILDREN

---

**On Appeal from the 408th Judicial District Court**
**Bexar County, Texas**
**Trial Court Case No. 2012-CI-02330**

---

## MEMORANDUM OPINION

The trial court issued a order in a suit affecting the parent-child relationship. Appellant, the Father in the suit affecting the parent-child relationship, attempts to appeal a subsequent judgment which: (1) granted, in part, Father's motion to enforce against Mother, and (2) sua sponte appointed a parenting facilitator. In a single point of error, Father asserts that "[t]he trial court erred in appointing a parenting facilitator

with [sic] the confines of an enforcement action." We dismiss the appeal for want of jurisdiction. Although we grant appellant's alternative request to consider the appeal as a petition for writ of mandamus, we deny the petition.

## Background

The trial court rendered a final order in Suit to Modify Parent-Child Relationship on April 19, 2018. Mother and Father were designated as joint managing conservators of their three children. Among other things, the order required that Mother and Father (1) communicate through a co-parenting website program "with regard to all communication regarding the children, except in the case of an emergency or other matter" and (2) "timely post all significant information concerning the health, education, and welfare of the children."

Father filed a motion seeking (1) "enforcement of the Order in Suit to Modify Parent-Child Relationship," alleging eight violations by Mother of the order requiring information to be posted on the co-parenting website program, and (2) confirmation that his child support arrearages had been satisfied. Regarding enforcement, Father requested the trial court hold Mother in contempt, assess a fine of up to $500 per violation, and order Mother to attend counseling. Father also sought attorney's fees. Mother filed a general denial and requested attorney's fees incurred in defending against the motion to enforce.

A trial was held on June 5, 2018. Mother's counsel opened by asserting that the enforcement issues arose, at least in part, from the parties' failure to communicate and suggested the appointment of a parenting facilitator:

> And then the violations, there is a reason for every one of them that we can figure out what it was. Two of them we don't even – we can't even identify what was the problem, and I think part of our problem with these two litigants is that they probably need some help learning how to communicate. They were doing a really good job until the new wife entered the picture and then the communication just deteriorated.

> So I'm thinking they probably need a parenting facilitator even though that's not pled for. It would just help matters and solve all of these problems, but for every one of the enforcement issues that they are here today, there is a good reason why everything happened. So we are looking forward to showing you that.

The trial court, on the record, granted Father's enforcement motion in part (as to 6 counts), and denied it in part (as to 2 counts); assessed a fine of $1,500; and denied both parties' request for attorney's fees. The trial court further ordered the appointment of a parenting facilitator. No objections were raised at trial to the appointment of a parenting facilitator.

On June 19, 2018, the trial court issued its Order of Enforcement, Order Denying Confirmation of Child Support Arrearages, and Order Appointing Parenting Facilitator. In the order, the court appointed a parenting facilitator and ordered the parties to equally split the cost.

Father filed a Motion to Modify/Reform Judgment on July 19, 2018, challenging the appointment of a parenting facilitator and the denial of his request

3

for attorney's fees. Among other things, Father asserted that the court "was without authority to appoint a parenting facilitator within the confines of an enforcement action" and "appointment of a parenting facilitator did not comply with notice and hearing requirements." The court denied the motion on August 28, 2018. Father filed a notice of appeal on September 13, 2018.

## Jurisdiction

This Court generally has jurisdiction over appeals from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *cf.* TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014(a) (listing appealable interlocutory orders); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments.").

Appellant asserts that the trial court appointed a parenting facilitator in a proceeding to enforce a final order in a suit affecting the parent-child relationship. But orders enforcing a final judgment, such as contempt orders, are not themselves final, appealable orders. *See Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.— Houston [1st Dist.] 2018, no pet.) ("Decisions in contempt proceedings cannot be reviewed on direct appeal because contempt orders are not appealable, even when

4

appealed along with a judgment that is appealable, as here."); *In re B.A.C.*, 144 S.W.3d 8, 11–12 (Tex. App.—Waco 2004, no pet.) (overruling its previous holding that contempt order is final, appealable order, citing 20 appellate court decisions, and bringing its prior opinions on the issue "back into accord with the Texas Supreme Court and the other courts of appeals"); *see also In re Office of Att'y Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding) (explaining why contempt orders are not appealable and must be attacked by petition for writ of habeas corpus or writ of mandamus).

A final, appealable judgment is one that actually disposes of all claims and parties then before the court. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). "Contempt proceedings, whether the court grants or denies the motion for contempt, are not appealable because they 'are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it.'" *Hooper v. Hooper*, No. 14–09–01024–CV, 2011 WL 334198, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) (quoting *In re Office of Att'y Gen. of Tex.*, 215 S.W.3d at 915-16). The trial court's appointment of a parenting facilitator "with[in] the confines of an enforcement action" similarly is not a final appealable judgment because it does not dispose of any claims; rather, among other things, it seeks to facilitate compliance with its

5

orders. *See* TEX. FAM. CODE § 153.6061(a) (providing that duties of parenting facilitator may include "monitor[ing] compliance with court orders").

Our decision in *Cline* is instructive. In *Cline*, appellant appealed from an order determining child support arrearages and holding appellant in contempt for failure to pay child support. 557 S.W.3d at 811-12. Explaining that decisions in contempt proceedings cannot be reviewed on direct appeal, our court dismissed appellant's contempt-based complaints in the appeal for lack of jurisdiction. *Id.* at 812. However, because appellant's challenge to the arrearage judgment was unrelated to the contempt proceeding, our court concluded that it had jurisdiction to consider the issue and affirmed the arrearage portion of the order. *Id.* at 812-13; *see also In re E.H.G.,* No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.) ("If a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order.").

We recognize that when a proceeding in a suit affecting the parent-child relationship is statutorily designated as a new suit, a determination of that proceeding is a final appealable order. *See Bilyeu v. Bilyeu*, 86 S.W.3d 278, 282 (Tex. App.—Austin 2002, no pet.). But the applicable statutes in this case do not support considering appellant's motion to enforce to be the equivalent of a new suit.

6

Although the Family Code provides that a motion to enforce a divorce decree is the equivalent of a new suit, there is no similar statute providing that a motion to enforce a final order in a suit affecting the parent-child relationship is a new suit. *See* TEX. FAM. CODE § 9.001(b) (providing that suit to enforce divorce decree is governed by rules of civil procedure applicable to filing of original lawsuit). Motions to modify in a suit affecting the parent-child relationship are considered new suits, but the legislature did not statutorily designate motions to enforce an order in a suit affecting the parent-child relationship as a new suit. *See* TEX. FAM. CODE §§ 156.003 ("A party whose rights and duties may be affected by a suit for modification is entitled to receive notice by service of citation."); 156.004 ("The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter."). Unlike an enforcement order, the entry of a final order in a modification proceeding concludes those proceedings and each subsequent filing of a new motion to modify requires issuance of citation and observation of the formalities of due process. *See id.; Rose v. Rose*, 117 S.W.3d 84, 88 (Tex. App.—Waco 2003, no pet.) (distinguishing motions to enforce existing judgments from motions to modify in suit affecting the parent-child relationship).

Accordingly, the clerk of this court sent appellant a notice of intent to dismiss the appeal for want of jurisdiction. Appellant filed a response asserting that our court has jurisdiction because (1) appellant "not only sought contempt, but also sought

7

judicial confirmation that he satisfied his child support obligation for May 2012;" (2) "[u]nlike *Cline*, appellant does not raise the issues of contempt or child support arrearages in this appeal, but only challenges the appointment of a parenting facilitator;" and (3) "[t]he record is not clear whether the trial court appointed the parenting facilitator in response to the contempt proceeding or the proceeding to adjudicate child support arrearages." Alternatively, appellant requests that, if we conclude that the appointment of the parenting facilitator is not appealable, we consider his appeal as a petition for writ of mandamus.

Appellant's response fails to demonstrate that we have jurisdiction over the appeal. We consider the response in two parts. First, appellant attempts to distinguish *Cline* by asserting that his appeal does not raise issues of contempt or child support arrearages and only challenges the appointment of a parenting facilitator. Even if *Cline* could be distinguished on this basis, appellant still fails to provide any authority demonstrating that the appointment of a parenting facilitator—the sole issue in this attempted appeal— is an appealable issue. Second, appellant asserts that the record is not clear as to whether the order was issued in response to a contempt proceeding or a proceeding to adjudicate child support arrearages. Appellant notes this ambiguity but makes no attempt to argue, much less demonstrate, that the parenting facilitator was appointed in a proceeding to adjudicate child support arrearages rather than contempt. Instead, appellant acknowledges that the

appointment appears "more logically related" to the contempt proceeding and that it may be inferred that the trial court was attempting to facilitate compliance with its order. Nevertheless, appellant argues that our Court has appellate jurisdiction because "the record is not expressly clear under which portion of the case the appointment of the parenting facilitator was made." But we cannot assume our jurisdiction, particularly when the record suggests that we lack jurisdiction. Accordingly, we conclude that the appointment of the parenting facilitator is not appealable and that we lack jurisdiction over the appeal.

Although we lack appellate jurisdiction to review the appointment of the parenting facilitator, we grant appellant's alternative request that we consider the appeal as a petition for writ of mandamus. *See Jones v. Brelsford*, 390 S.W.3d 486, 497 n.7 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[I]n an appropriate case, we may treat an appeal as a petition for writ of mandamus and an appellant who specifically requests that [the] appeal be treated as a mandamus petition invokes this Court's original jurisdiction."). Considering the appeal as a petition for writ of mandamus, we deny the petition for the reasons discussed below.

**Standard of Review**

Most orders arising from a suit affecting the parent-child relationship will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *In re C.A.M.M.*, 243 S.W.3d 211, 214 (Tex. App.—Houston [14th

Dist.] 2007, pet. denied). Generally, a trial court abuses its discretion by acting arbitrarily, unreasonably, or without reference to any guiding rules or principles. *In re R.T.K.*, 324 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The failure to analyze or apply the law correctly also constitutes an abuse of discretion. *In re C.A.M.M.*, 243 S.W.3d at 215.

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## Discussion

The underlying case is a suit affecting the parent-child relationship, over which the trial court, after rendering a final order, retains continuing, exclusive jurisdiction over matters related to the child. *See* TEX. FAM. CODE §§ 101.032(a) (defining "Suit affecting the parent-child relationship" as suit requesting conservatorship, access to or support of child, or establishment or termination of parent-child relationship), 155.001(a) (with certain exceptions not applicable to this case, court acquires continuing, exclusive jurisdiction over suit affecting parent-child relationship matters on rendition of final order), 155.002 (court with continuing, exclusive jurisdiction retains jurisdiction over parties and suit affecting parent-child relationship matters). There is no dispute that the trial court was the

10

family court of continuing jurisdiction—the court rendered the final order and thereby retained jurisdiction to enforce the provisions of the order.

Section 153.6051 of the Texas Family Code governs the appointment of a parenting facilitator. Section 153.6051(a) provides that "[i]n a suit affecting the parent-child relationship, the court may, on its own motion or on agreement of the parties, appoint a parenting facilitator . . . ." TEX. FAM. CODE § 153.6051(a). Section 153.6051(b) provides that

> The court may not appoint a parenting facilitator unless, after notice and hearing, the court makes a specific finding that:
>
> (1) the case is a high-conflict case or there is good cause shown for the appointment of a parenting facilitator and the appointment is in the best interest of any minor child in the suit; and
>
> (2) the person appointed has the minimum qualifications required by Section 153.6101, as documented by the person.

TEX. FAM. CODE § 153.6051(b).

On appeal, appellant challenges the trial court's appointment of the parenting facilitator as (1) being outside of a "suit affecting the parent-child relationship" and (2) failing to provide notice. We address these challenges below.

A. Trial Court's Authority to Appoint Parenting Facilitator

Appellant argues that the appointment of the parenting facilitator was not part of a suit affecting the parent-child relationship. Specifically, appellant asserts that "[t]he trial court erred in appointing a parenting facilitator with[in] the confines of

11

an enforcement action" because his enforcement action did not affect the parent-child relationship; rather, according to appellant, it sought to enforce the provisions of an existing court order in a suit to modify the parent-child relationship.

In his motion to modify, appellant asserted that he "filed the enforcement suit under Chapter 157, Texas Family Code, which is not, in and of itself, a suit affecting the parent-child relationship, but rather, is merely a suit to enforce prior orders of the Court." Appellant further asserted that "[w]hile the underlying order [he] sought to enforce was within a suit affecting the parent-child relationship, the instant enforcement action is not, and therefore, the Court cannot sua sponte appoint a parenting facilitator." We disagree with appellant's arguments that the enforcement action was outside of the suit affecting the parent-child relationship.

The applicable statutes demonstrate that an action to enforce under Chapter 157 is filed within the suit affecting the parent-child relationship. Chapter 157's enforcement provisions are located within Title 5(b) of the Family Code, which governs suits affecting the parent-child relationship. Section 157.001 of the Family Code authorizes the filing of a motion for enforcement of a final order in a suit affecting the parent-child relationship. TEX. FAM. CODE § 157.001(a) ("A motion for enforcement as provided in this chapter may be filed to enforce any provision of a temporary or final order rendered in a suit."). The section further provides that the court "may enforce by contempt any provision of a temporary or final order" and

requires that motions for enforcement be filed in the court of continuing, exclusive jurisdiction. *See id.* at 157.001(b), (d). Consistent with these statutes, the record demonstrates that appellant filed his motion to enforce in Cause No. 2012-CI-02330, the same cause number as the underlying suit affecting the parent-child relationship.

Appellant cites *Tucker v. Thomas*, 419 S.W.3d 292 (Tex. 2013) for the general proposition that modification and enforcement proceedings merit different treatment. On this basis, appellant asserts that "Chapter 157 sets forth a specific process and provides for specific remedies related to enforcement of court orders in family cases; but, Chapter 157 does not incorporate, or even mention, any provision of Chapter 153 (containing statutes for the appointment of a parenting facilitator)." But both enforcement and modification proceedings fall under the chapter of the Family Code governing suits affecting the parent-child relationship. Appellant attempts to read into the statutes a limitation that a parenting facilitator cannot be appointed in an enforcement proceeding and can only be appointed when a modification of parental rights is sought. We decline to read such a limitation into the statutes. Cases involving frequent actions to enforce prior orders demonstrate the necessity of appointing a parenting facilitator to minimize future enforcement actions. One of the statutory considerations in finding a "high-conflict case" for the appointment of a parenting facilitator is whether the parties engage in an unusual

degree of "repetitiously resorting to the adjudicative process." TEX. FAM. CODE § 153.601(2)(A).

Accordingly, the trial court was authorized to consider the appointment of a parenting facilitator because the enforcement motion was filed within the original suit affecting the parent-child relationship. Appellant also asserts that the trial court lacked authority to appoint a parenting facilitator because "[n]either party sought appointment of a parenting facilitator in any of their pleadings." We reject this argument because the statute expressly allows the trial court to appoint a parenting facilitator "on its own motion." TEX. FAM. CODE § 153.6051(a).

**B.     Notice Requirements**

Appellant argues that even if his enforcement action is as a suit affecting the parent-child relationship, the trial court's appointment of a parenting facilitator did not comply with notice and hearing requirements. The statute provides that a court "may not appoint a parenting facilitator unless, after notice and hearing, the court makes a specific finding that: (1) the case is a high-conflict case or there is good cause shown for the appointment of a parenting facilitator and the appointment is in the best interest of any minor child in the suit; and (2) the person appointed has the minimum qualifications required by Section 153.6101, as documented by the person." TEX. FAM. CODE § 153.6051(b). Appellant does not dispute the trial court's findings that the case is a high-conflict case and that the appointed parenting

14

facilitator meets the required qualifications; instead, appellant asserts that notice was insufficient for the trial court to appoint the parenting facilitator. Specifically, appellant asserts that "[t]he record lacks any indication the court was contemplating appointing a parenting facilitator" and the trial court's order setting the June 5, 2018 hearing "was silent regarding anything to do with a parenting facilitator."

The record demonstrates that the trial court informed appellant at the June 5, 2018 hearing on the enforcement motion that it was ordering the appointment of a parenting facilitator. Appellant was represented at the hearing but did not object to the appointment of a parenting facilitator. Nor did appellant object to the appointment during the two weeks between the hearing and the trial court's issuing its written order on June 19, 2018. Instead, a month after the order was issued, appellant filed a motion to modify/reform the judgment on July 19, 2018. The trial court ordered the motion set for hearing on August 8, 2018, and subsequently denied the motion by docket entry on August 18, 2018.

Based on the record, we conclude that appellant was notified at the hearing that the court intended to order the appointment of a parenting facilitator. Appellant was given a reasonable opportunity to object at the hearing—and prior to issuance of the written order two weeks later—but failed to do so. But even if this notice was insufficient to satisfy the requirement of Section 153.6051(b), any error is rendered harmless by appellant's filing of a motion to reconsider the appointment of the

parenting facilitator and the court's consideration of the motion. *See, e.g.*, *Holland v. Alker*, No. 01-05-00666-CV, 2006 WL 1041785, at \*5 (Tex. App.—Houston [1st Dist.] Apr. 20, 2006, pet. denied) ("Assuming without deciding that notice and hearing were required before the issuance of a turnover order, we hold that the trial court did not violate appellants' due process rights by ruling on appellees' supplemental request for turnover because, among other things, the trial court held a hearing on appellants' motion to reconsider."). Accordingly, the trial court provided appellant with sufficient opportunity to voice his objections to the court's sua sponte appointment of a parenting facilitator.

## Conclusion

For the foregoing reasons, we dismiss appellant's appeal of the order appointing a parenting facilitator for want of jurisdiction. Considering the appeal as a petition for writ of mandamus, we deny the petition.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau and Countiss.