Sherry Radack, Chief Justice
After a hearing on appellee Jason Cline's motion to enforce child support, the trial court granted the motion and entered a judgment finding appellant Adelina Michelle Cline $519.50 in arrears on her child support obligation and $3,469.75 in arrears on her medical support obligation. The trial court also found Adelina in criminal contempt on four counts of failure to pay child support and ordered her confined in jail for 180 days on each count, to run concurrently. In this appeal, this Court considers whether (1) we have jurisdiction to address Adelina's claims about criminal contempt, and (2) the trial court erred in determining the amount of the arrears judgment. We dismiss the issues relating to criminal contempt for lack of jurisdiction and affirm.
BACKGROUND
Jason and Adelina Cline were divorced in 2012, and Adelina was ordered to pay Jason $195.33 in child support and $133.00 in medical support each month. Adelina soon fell behind on her support obligations, and, in 2013, Jason filed a motion to enforce. Thereafter, the parties entered into a Rule 11 Agreement regarding Adelina's past due child and medical support, and Adelina made a $4,019.96 payment that was disbursed to Jason.
*812 In 2017, Jason filed another motion to enforce, and, after a hearing, the trial court signed an Order Enforcing Child Support Obligation that included a Judgment on Arrears against Adelina for $519.50 in child support and $3,469.75 in medical support. The Order Enforcing Child Support Obligation also included four counts of punitive contempt for failing to pay child support and ordered Adelina committed to county jail for 180 days on each count, to run concurrently.
This appeal followed.
CONTEMPT
In her first issue, Adelina contends the trial court abused its discretion in holding her in contempt because evidence of her affirmative defense, i.e., inability to pay,[2] was uncontroverted. We have no jurisdiction to consider the portion of the judgment holding Adelina in contempt.
A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). Cadle Co. v. Lobingier , 50 S.W.3d 662, 671 (Tex. App-Fort Worth 2001, pet. denied) (op. on reh'g) (citing In re Long , 984 S.W.2d 623, 625 (Tex. 1999) (op. on reh'g) ). Decisions in contempt proceedings cannot be reviewed on direct appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable, as here. Id. (citing Metzger v. Sebek , 892 S.W.2d 20, 55 (Tex. App.-Houston [1st Dist.] 1994, writ denied) ); see also In re Office of Att'y Gen. of Tex. , 215 S.W.3d 913, 915 (Tex. App.-Fort Worth 2007, orig. proceeding) (explaining why contempt judgments are not appealable and must be attacked by petition for writ of habeas corpus or for writ of mandamus).
"[I]n an appropriate case, we may treat an appeal as a petition for writ of mandamus," see Jones v. Brelsford , 390 S.W.3d 486, 486 n.7 (Tex. App.-Houston [1st Dist.] 2012, no pet.), but there is no authority for treating a case as both an original proceeding and an appeal. Thus, we will consider the appellate issues raised in Adelina's brief and, as a majority of the courts addressing the issue have done,[3] dismiss the contempt issue that must be brought by an original proceeding.
Because we cannot reach Adelina's contempt-based complaints in this direct appeal, we dismiss her first issue for want of jurisdiction. See Metzger , 892 S.W.2d at 55 (holding that when appellate court has jurisdiction over only part of appeal, proper remedy is to dismiss, not to overrule, that portion).
ARREARS JUDGMENT
In her second issue on appeal, Adelina contends the trial court abused its discretion "when it applied monies paid through the State Disbursement Unit to a debt other than the obligor's child support obligation[.]" Specifically, Adelina contends that she would not be in default if the $4,019.00 payment that she made to Jason on September 11, 2013 had been applied entirely to child support, rather than to *813 other debts that she owed to him. As such, Adelina contends that the arrearages portions of the trial court's order are incorrect.
Jurisdiction
Because this issue addresses the arrearages portion of the judgment, not the contempt, it is appropriate to consider our jurisdiction. Courts have allowed appeals of rulings regarding unrelated issues that occur in contempt proceedings. See, e.g. , In re E.H.G. , No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.-San Antonio May 20, 2009, no pet.) (mem. op.) ("If a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order."); Chambers v. Rosenberg , 916 S.W.2d 633, 634 (Tex. App.-Austin 1996, writ denied) (finding no jurisdiction to consider contempt ruling but considering legal conclusion that agreed temporary injunction, the alleged violation of which was the basis for the contempt request, was void). As Adelina's second issue addresses the propriety of the arrearage portion of the trial court's order, we have jurisdiction to consider that issue.
Standard of Review
We review a trial court's confirmation of an arrearage amount for an abuse of discretion. Worford v. Stamper , 801 S.W.2d 108, 109 (Tex. 1990) ; Att'y Gen. of Tex v. Stevens , 84 S.W.3d 720, 722 (Tex. App.-Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. See Worford , 801 S.W.2d at 109. Under the abuse-of-discretion standard, legal and factual sufficiency are not independent grounds of error, but are merely factors to be considered in determining whether the trial court abused its discretion. See London v. London , 94 S.W.3d 139, 143-44 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). Consequently, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion. Echols v. Olivarez , 85 S.W.3d 475, 478 (Tex. App.-Austin 2002, no pet.). The focus of the first inquiry is the sufficiency of the evidence. Zeifman v. Michels , 212 S.W.3d 582, 588 (Tex. App.-Austin 2006, pet. denied). Under the second inquiry, we must decide whether, based on the evidence before it, the trial court made a reasonable decision. Id.
Analysis
The record shows that in 2013, almost four years before trial, Adelina made a $4,019.96 payment to Jason, and Jason's child support records show that, on August 15, 2013, he credited $1,319 of that amount toward Adelina's child support obligation. On appeal, Adelina contends that, according to Family Code section 157.268,[4] any money paid through the child support disbursement unit shall first be applied to child support before it is applied to any other obligations between the former spouses. Thus, Adelina contends that the entire amount of $4,019.96 should be credited to her child support arrears, and that such amount, when coupled with a $3800.00 payment she made shortly before trial, would have brought her support obligations current.
*814 While we agree that section 157.268(1) provides that child support collected shall be applied first to current child support, we disagree with Adelina's assertion that this procedure was not followed in this case. The record shows that on April 8, 2013, Adelina and Jason entered a Rule 11 Agreement to settle a previous motion for enforcement by Jason. This Rule 11 Agreement provides, in part, as follows:
Adelina Cline agrees that she owes $3842.00 as of April 8, 2013 to Jason Cline representing the following: $500.00 for certificates and training documents, $1200 for the 9 mm Smith and Wesson and multi cam AK-47, $1000 in attorney's fees for the enforcement proceeding to date, $452 in medical support, $690 in child support.
Adelina Cline agrees to pay the balance of $3842.00 as follows:
a. $1000 paid on or before May 15, 2013
b. $1000 paid on or before June 15, 2013
c. $1000 paid on or before July 15, 2013
d. $842 on or before August 15, 2013
Jason's support records, which were admitted at trial, show a credit to Adelina on August 15, 2013, the date the last payment was due, for $1,319. On September 11, 2013, the trial court disbursed a total of $4,019.96 to Jason from funds that Adelina had deposited in the registry of the court in compliance with the Rule 11 agreement ($3,842.00 as required by the Rule 11 Agreement + an additional $177.96).
We find this evidence significant for several reasons. First, Adelina agreed to the allocation of her payments as set forth in the Rule 11 Agreement. She cannot now complain that the trial court allocated them incorrectly. See In re Dep't of Family and Protective Servs. , 273 S.W.3d 637, 646-47 (Tex. 2009) (holding party cannot request specific action from trial court then complain of it on appeal).
Second, and more importantly, the record shows that in 2013, when the $4,019.96 payment was made, Adelina only owed $452.00 in medical support and $690.00 in child support. She received credit for those amounts, plus $177.96 that she paid over and above that required by the Rule 11 Agreement. The remainder of the $4019.96 that she paid could not go toward child support because it was not then owed. As such, the record supports the conclusion that the remainder of the $4,019.96 Adelina paid in 2013 was properly paid to Jason for the other debts owed at the time, i.e., certificates and training documents, two guns, and attorney's fees. The arrearages Adelina owed were for defaults occurring after the disputed 2013 payment.[5] As such, there is sufficient evidence to support the trial court's finding that "ADELINA MICHELLE CLINE is not entitled to any further credits or offsets towards her arrears under the terms of the RULE 11 AGREEMENT ON PETITION FOR ENFORCEMENT dated April 8, 2013."
Because the trial court had evidence upon which to base its ruling and did so reasonably, we overrule Adelina's second issue on appeal.
CONCLUSION
We dismiss Adelina's claims regarding being held in contempt for want of jurisdiction; we affirm the judgment.
Massengale, J., dissenting *815 DISSENTING OPINION
Michael Massengale, Justice
This is an attempted appeal from an order enforcing a mother's obligation to pay $781.32 in child support by jailing her for 180 days. The mother, Adelina Michelle Cline, was found in contempt of court on four separate counts, in each case for failure to make a court-ordered child-support payment in the amount of $195.33. She also was found indigent by the trial court, and a lawyer was appointed to represent her at public expense.[1]
The mother has attempted to appeal from the order committing her to jail on the basis of her affirmative defense: she can't afford to pay.[2] The court dismisses that part of her appeal, reasoning that contempt orders are unappealable. As noted by the court, our prior precedent suggests the general unappealability of contempt orders.[3] Family Code section 109.002 authorizes an appeal from any "final order" rendered under Title 5 of the Code, which governs suits affecting the parent-child relationship. My research has not revealed any precedent of the Supreme Court of Texas or of this court that squarely holds that a contempt order in a child-support enforcement action does not qualify as such an appealable "final order" under the current Family Code. Prior to the adoption of the recodified Family Code, including section 109.002, our Supreme Court did hold in Norman v. Norman[4] that a court of appeals lacked jurisdiction to review an order that declined to hold a father in contempt for child-support arrearages, applying section 14.09 of the then-applicable version of the Family Code. The authority relied upon by Norman was Wagner v. Warnasch ,[5] which stated the rule thus: "A judgment of a court convicting a person of contempt is not subject to revision in any other tribunal, unless specially authorized by statute. "[6]
At the time Wagner was decided, Texas statutes "made no provision for an appeal from an adjudication and commitment for contempt, and none for review by writ of error."[7] Since the relevant statutory authority has changed materially since Wagner was decided in 1956 and Norman was decided in 1984, the continuing viability of *816 these authorities cannot be assumed. Thus, although the Attorney General expressly relied on Norman in a letter sent to this court to suggest a lack of jurisdiction in lieu of filing a brief, it is not apparent that Norman is binding authority after the adoption of Title 5 of the Family Code effective April 20, 1995.[8] The relevant statutory authorization for an appeal at the time Norman was decided provided: "An appeal may be taken by any party to a suit affecting the parent-child relationship from an order, decree, or judgment ... entered under Chapter 14 of this code appointing or refusing to appoint a managing conservator; appointing or refusing to appoint a possessory conservator; ordering or refusing to order payments for support of a child ; or modifying any such order previously entered...."[9] By contrast, the Family Code now authorizes appeals from final orders in SAPCR cases in much broader terms: "An appeal may be taken by any party to a suit from a final order rendered under this title."[10]
Our court tried to avoid this non-merits disposition of the mother's issue by notifying her lawyer about the jurisdictional issue and the availability of habeas corpus or mandamus review as alternatives.[11] In response, counsel insisted that the contempt order was appealable and did not request that the challenge be considered as a request for habeas corpus or mandamus relief. Counsel did not attempt to distinguish or otherwise address the authorities this court identified as being relevant to the jurisdictional issue.[12]
There has been no contest to the mother's indigence, and rational actors who could avoid spending half a year in jail by paying a debt of $781.32 would do so. Moreover, the Texas Bill of Rights specifically forbids imprisoning a person for debt.[13] It would be far more efficient to fix *817 the procedural deficiencies of this case now so that the merits can be addressed, rather than requiring the appellant's court-appointed lawyer to start over with a new filing at public expense.
In furtherance of our Supreme Court's policy of treating "minor procedural mishaps with leniency, preserving the right to appeal,"[14] the court should have exercised its authority to invite a satisfactory merits-based submission of the case by requesting additional briefing addressing the mother's indigency defense in the correct procedural form.[15] Because the court fails to do so, I respectfully dissent.

The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. See Tex. Gov't Code Ann. § 73.001 (West 2013) (authorizing transfer of cases).

See Tex. Fam. Code. § 157.008(c)(1) (West 2014) ("An obligor may plead as an affirmative defense to an allegation of contempt ... that the obligor ... lacked the ability to provide support in the amount ordered[.]").

See In re B.A.C. , 144 S.W.3d 8, 11 (Tex. App.-Waco 2004, no pet.) (overruling its previous holding that contempt order is final, appealable order, citing 20 appellate court decisions, and bringing its prior opinions on the issue "back into accord with the Texas Supreme Court and the other courts of appeals").

See Tex. Fam. Code § 157.268(1) (West 2014) (providing that child support collected shall be applied first to current child support).

In fact, the contempt portion of the order shows that Adelina failed to make child support payments in 2014 and 2015.

The commitment order that the mother attempts to appeal ordered her to appear before the court to begin her jail sentence on August 30, 2017. Although the mother's brief makes reference to her being jailed on May 24, 2017, nothing in our record confirms whether she has actually served all, some, or none of the jail sentence.

See Tex. Fam. Code § 157.008(c) ("An obligor may plead as an affirmative defense to an allegation of contempt ... that the obligor: (1) lacked the ability to provide support in the amount ordered; (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed; (3) attempted unsuccessfully to borrow the funds needed; and (4) knew of no source from which the money could have been borrowed or legally obtained.").

E.g. , Metzger v. Sebek , 892 S.W.2d 20, 54 (Tex. App.-Houston [1st Dist.] 1994, writ denied) ; see also Jones v. Tex. State Attorney Gen. , No. 01-03-00393-CV, 2003 WL 22054291, at *1 (Tex. App.-Houston [1st Dist.] Aug. 29, 2003, no pet.) (mem. op.) (in attempted appeal from contempt order arising from failure to pay child support, court notified appellant that the decision was "subject to attack only by petition for writ of habeas corpus," then subsequently granted appellant's motion to transform the appeal into a petition for writ of habeas corpus).

692 S.W.2d 655 (Tex. 1985) (per curiam).

156 Tex. 334, 295 S.W.2d 890 (1956).

Id. at 893 (quoting 9 Tex. Jur., Contempt § 45) (emphasis supplied).

Id.

Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113.

Act of May 25, 1973, 63rd Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1419, and Act of May 26, 1983, 68th Leg., R.S., ch. 962, § 1, 1983 Tex. Gen Laws 5233 (former Tex. Fam. Code § 11.19(b)(2) ) (emphasis supplied); repealed by Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113.

Tex. Fam. Code § 109.002(b) ; cf. Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.").

Cf. CMH Homes v. Perez , 340 S.W.3d 444, 453-54 (Tex. 2011) (appellant who filed an appeal from an unappealable order was nevertheless entitled to have its appeal treated as a petition for writ of mandamus because it specifically requested mandamus relief and because requiring the filing of a separate document entitled "petition for writ of mandamus" would "unnecessarily waste the parties' time and further judicial resources"); Jones v. Brelsford , 390 S.W.3d 486, 497 n.7 (Tex. App.-Houston [1st Dist.] 2012, no pet.) ("in an appropriate case, we may treat an appeal as a petition for writ of mandamus, and an appellant who specifically requests that her appeal be treated as a mandamus petition invokes this Court's original jurisdiction").

Our order referenced In re B.A.C. , 144 S.W.3d 8, 11 (Tex. App.-Waco 2004, no pet.), for the proposition that contempt findings are generally not appealable and are subject to challenge only by original proceeding, and Cadle Co. v. Lobingier , 50 S.W.3d 662, 671 (Tex. App.-Fort Worth 2001, pet. denied), for the proposition that "[a] contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)." Our order also referenced Family Code section 109.002(b), yet the mother has presented no argument that this statute authorizes an appeal in SAPCR cases as an exception to the general rule precluding appeal from a contempt order.

Tex. Const. art. I, § 18 ("No person shall ever be imprisoned for debt.").

Ryland Enter., Inc. v. Weatherspoon , 355 S.W.3d 664, 665 (Tex. 2011) (per curiam); see also Verburgt v. Dorner , 959 S.W.2d 615, 616 (Tex. 1997) ("appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal").

See Tex. R. App. P. 38.9(b) ("If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case."); see also St. John Missionary Baptist Church v. Flakes , 547 S.W.3d 311 (Tex. App.-Dallas 2018, pet. filed) (en banc) (Schenck, J., dissenting) (discussing the authority of Rule 38.9(b) and the power of a court of appeals to request additional briefing to ensure a proper presentation of a case to facilitate a disposition on the merits).