

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00346-CV

**IN THE INTEREST OF J.V.O.** and J.R.O. III, Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-02697
Honorable Antonia Arteaga, Judge Presiding

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: August 25, 2021

DISMISSED IN PART; AFFIRMED

This appeal primarily concerns whether the 166th Judicial District Court of Bexar County had subject matter jurisdiction when it entered a divorce decree and, subsequently, a judgment and contempt order finding Joe Ramiro Ortega ("Father") in arrears on his child and medical support obligations. Father and Joslyn Victoria Ortega ("Mother") were married in 2000 and have two children together, J.V.O. and J.R.O. III. In 2012, the 57th Judicial District Court of Bexar County issued an order in a suit affecting the parent-child relationship ("SAPCR"). In 2018, the 166th Judicial District Court of Bexar County entered a final divorce decree, which established Father's current child and medical support obligations to his children.

Father appeals from a 2020 judgment issued by the 166th District Court finding him in arrears on his child and medical support obligations. The trial court also found Father in civil

contempt for violations of his support obligations and ordered him confined in jail for 180 days, with commitment suspended on the condition that he pay periodically to satisfy the judgment. In his first issue, Father contends the 166th District Court's judgment and order are void because the court lacks subject matter jurisdiction over matters concerning the children. Father contends that jurisdiction lies with the 57th District Court. We dismiss Father's appeal as it relates to the contempt order because it is not reviewable by direct appeal. We affirm the judgment.

Father also appeals from the 2018 divorce decree. In his second issue, Father challenges the decree on the ground that Mother did not properly plead a material and substantial change in circumstances to justify a modification of Father's support obligations. We dismiss Father's appeal as it relates to the divorce decree because Father did not timely appeal from the decree.

### BACKGROUND

In 2012, the 57th District Court issued an order in the SAPCR, pursuant to an agreement reached by Mother and Father concerning the children. The SAPCR order does not impose a child support obligation on Father. In 2015, Mother filed a petition for divorce, which was assigned to the 166th District Court. The petition requests that that Father be ordered to pay child support, and it references the 2012 SAPCR order.

Two days after Mother filed her petition for divorce, she filed a "Motion to Consolidate," requesting that the SAPCR be consolidated with the divorce proceedings. Mother's motion lists the captions for both cases, and she filed her motion in the 166th District Court. Six days later, the Honorable Renee Yanta, presiding judge of the 150th Judicial District Court of Bexar County, signed an "Order on Motion to Consolidate." The order lists both captions and was filed under both the cause number originally assigned to the SAPCR and the cause number for the divorce proceedings. The order states: "On February 25, 2015 the Court considered the Motion to Consolidate of Vicky Segovia Ortega and ORDERS that the above lawsuits be consolidated under

[the cause number for the divorce proceedings]." Judge Yanta signed the order as "Judge Presiding." All subsequent proceedings and filings occurred in the 166th District Court.

Later in 2015, the 166th District Court entered agreed temporary orders, requiring Father to pay child support. In 2018, the 166th District Court entered a final divorce decree, which established Father's child and medical support obligations. In 2019, Mother filed a motion to enforce the support obligations. Father answered, asserting, for the first time, that the 166th District Court lacks jurisdiction over matters relating to the children. In 2020, the 166th District Court entered the judgment and order from which Father appeals. The trial court found that Father was in arrears on his child and medical support obligations and rendered judgment against Father and in favor of Mother on the arrearage amounts. The trial court also found Father in contempt for his failure to comply with his previously ordered support obligations and ordered Father confined, with commitment suspended on the condition that he repay his arrearages on a set schedule.

Father appeals from the 2020 arrearages judgment and contempt order and from the 2018 divorce decree. We consider first the judgment and contempt order.

**APPEAL FROM ORDER HOLDING FATHER IN CONTEMPT AND JUDGMENT FOR ARREARAGES**

We have no jurisdiction to review a contempt order on direct appeal; consequently, we dismiss Father's appeal from the trial court's order finding him in contempt and ordering him confined, with commitment suspended.

"A contempt order is not reviewable by appeal." *In re E.H.G.*, 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.) (citing *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985)). "This is so even when the contempt order is being appealed along with a judgment that is appealable." *In re Gonzalez*, 993 S.W.2d 147, 157 (Tex. App.—San Antonio 1999, no pet.). A contempt order is reviewable by a writ of habeas corpus, if

the contemnor is confined, or by a petition for writ of mandamus, if no confinement is involved. *See Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *In re E.H.G.*, 2009 WL 1406246, at \*5. "If a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order." *In re E.H.G.*, 2009 WL 1406246, at \*5. Accordingly, we must dismiss the appeal as to the contempt order, and we consider only the judgment as to the arrearages. *See id.*; *Cline*, 557 S.W.3d at 812 (dismissing portion of appeal related to contempt order and affirming judgment for child and medical support arrearages).

Father also contends the 166th District Court lacks subject matter jurisdiction over proceedings related to the children. Therefore, according to Father, the divorce decree and enforcement judgment are void because they were rendered by the 166th District Court without jurisdiction.

"Subject matter jurisdiction is essential to a court's power to decide a case." *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam) (citation omitted). "A judgment is void if rendered by a court without subject matter jurisdiction." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012).

It is undisputed that the 57th District Court acquired "continuing, exclusive jurisdiction over matters" related to the children when it rendered the SAPCR order in 2012. *See* TEX. FAM. CODE ANN. § 155.001(a) ("Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order."). In 2015, Mother filed a divorce petition, and it was

assigned to the 166th District Court.  Mother then filed a "Motion to Consolidate" the SAPCR with the divorce proceedings.

These procedural circumstances implicate Section 155.201(a) of the Family Code, which is a mandatory transfer provision.  Section 155.201(a) provides:

> On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending.

*Id.* § 155.201(a).  Likewise, Section 6.407 provides:

> (a) If a suit affecting the parent-child relationship is pending at the time the suit for dissolution of a marriage is filed, the suit affecting the parent-child relationship shall be transferred as provided by Section 103.002 to the court in which the suit for dissolution is filed.

> (b) If the parties are parents of a child, as defined by Section 101.003, and the child is under the continuing jurisdiction of another court under Chapter 155, either party to the suit for dissolution of a marriage may move that court for transfer of the suit affecting the parent-child relationship to the court having jurisdiction of the suit for dissolution.  The court with continuing jurisdiction shall transfer the proceeding as provided by Chapter 155.  On the transfer of the proceedings, the court with jurisdiction of the suit for dissolution of a marriage shall consolidate the two causes of action.

*Id.* § 6.407.  "The duty to transfer the SAPCR is considered a mandatory ministerial act upon a 'showing that a suit for dissolution of the marriage of the child's parents has been filed in another court.'"  *In re M.A.S.*, 246 S.W.3d 182, 184 (Tex. App.—San Antonio 2007, no pet.) (quoting prior version of TEX. FAM. CODE ANN. § 155.201(a)).

Father contends that the SAPCR, filed in the 57th District Court, was not transferred to the 166th District Court, in which the divorce petition was filed, because Mother filed a "Motion to Consolidate" in the 166th District Court, and not a motion to transfer in the 57th District Court.  Father also argues that the SAPCR was not transferred because the 57th District Court never signed a transfer order.

We disagree that Mother's request for a "consolidation" prohibited a transfer. While submitted as a "Motion to Consolidate," Mother's request sought a transfer and consolidation. Consolidation applies when two or more cases are pending before a single court. *See* TEX. R. CIV. P. 174(a); *see also* TEX. FAM. CODE ANN. § 6.407(b). Transfer involves moving a case from one court to another. *See* TEX. FAM. CODE ANN. §§ 6.407(a), 155.201(a); *see also* TEX. R. CIV. P. 86–89 (concerning motions to transfer venue). Mother's motion and the order on the motion make clear, by their dual captions, that the SAPCR and divorce proceedings were pending before different courts: the SAPCR was in the 57th District Court and the divorce proceedings were in the 166th District Court. To consolidate the actions would require the cases first to be brought within a single court. *See* TEX. R. CIV. P. 174(a) (Allowing consolidation "[w]hen actions involving a common question of law or fact are pending before the court"); *see also* TEX. FAM. CODE ANN. § 6.407(b) ("On the transfer of the proceedings, the court with jurisdiction of the suit for dissolution of a marriage shall consolidate the two causes of action."). Transfer was a necessary condition precedent to consolidation, and the request to consolidate implied a request to transfer. "[W]hile the 'consolidation' may more appropriately have been termed a 'transfer' we believe it accomplished the same purpose." *In re Aguilera*, 37 S.W.3d 43, 50 (Tex. App.—El Paso 2000, no pet.) (holding that recitation in a divorce decree concerning the existence of a prior SAPCR order as well as the consolidation of the SAPCR with the divorce proceedings indicated the trial court was aware of the necessity for a mandatory transfer and effected a transfer, pursuant to Section 155.201(a), although the decree stated the cases had been "consolidated").

It also is of no consequence that Mother filed her motion in the 166th District Court, rather than the 57th District Court. Section 155.201(a) specifies only that the transfer process begin "[o]n the filing of a motion." TEX. FAM. CODE ANN. § 155.201(a). The statute does not specify that the filing must occur in the SAPCR court. In contrast, Family Code section 155.201(b) describes a

transfer process that begins when "a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit[.]" *Id.* § 155.201(b). "It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose. Likewise, . . . every word excluded from a statute must also be presumed to have been excluded for a purpose." *City of Richardson v. Oncor Elec. Delivery Co. LLC*, 539 S.W.3d 252, 260 (Tex. 2018) (citation omitted). "[W]hen the Legislature employs a term in one section of a statute and excludes it in another section, the term should not be implied where excluded." *Id.* at 261 (citation omitted). Because subsection (a) excludes language specifying the court in which a motion to transfer must be filed, while subsection (b) specifies the court, we must presume the Legislature did not impose a requirement that a motion, pursuant to 155.201(a), must be filed in the SAPCR court. *See* TEX. FAM. CODE ANN. § 155.201(a), (b); *cf. Aguilera*, 37 S.W.3d at 49–50 ("While in most instances, the transfer order originates with the transferring court, it apparently is not unusual in Bexar County for the receiving court to sign the order." (citing *In re Garza*, 981 S.W.2d 438, 439 (Tex. App.—San Antonio 1998, orig. proceeding))).

The SAPCR court must, nevertheless, transfer the suit to the court hearing the divorce proceedings. *See* TEX. FAM. CODE ANN. § 155.201(a) ("[T]he court having continuing, exclusive jurisdiction of a [SAPCR] shall . . . transfer the proceedings to the court in which the dissolution of the marriage is pending."). Here, by virtue of exchange-of-benches provisions in the constitution, statutes, and local rules, it is clear that Judge Yanta was acting on behalf of the SAPCR court when she signed the "Order on Motion to Consolidate." The Texas Constitution provides: "[T]he District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." TEX. CONST. art. V, § 11. The Government Code "sets forth liberal provisions for exchanging benches and transferring cases." *Garza*, 981 S.W.2d at 441 (citing TEX. GOV'T CODE ANN. §§ 24.139(c), 74.097(a)). Rule 330 of

the Texas Rules of Civil Procedure implements these constitutional and statutory provisions. *See* TEX. R. CIV. P. 330(e)–(h). "These provisions also form the basis of the Bexar County local rules that provide for a centralized, rotating docket system for non-jury civil matters." *Garza*, 981 S.W.2d at 441; *see* BEXAR COUNTY (TEX.) DIST. CT. LOC. R. 3.1–3.11.

Judge Yanta signed the order transferring the SAPCR as the "Judge Presiding." Under the Bexar County local rules, a rotating "Presiding Judge" administers a non-jury docket, and each week, other judges are assigned to assist the Presiding Judge with the non-jury docket. *See id.* R. 3.2. Under this system, the "Presiding Judge" "is authorized to assign matters to other *judges* for disposition, not to other *courts*." *Garza*, 981 S.W.2d at 441 (holding judge assigned to hear a matter for a SAPCR in the 131st District Court did not cause a transfer of the SAPCR into the 225th District Court, where the judge assigned to the matter happened to be the presiding judge). Here, exclusive jurisdiction had been established in the 57th District Court. "Once exclusive jurisdiction has been established in a particular court, the record should be clear, in the absence of competent evidence to the contrary, that any district judge in the county acting in that case is doing so for that court." *Id.*

Judge Yanta acted in the SAPCR by transferring and then consolidating the suit with the divorce proceedings. Her order contains captions for both the SAPCR and divorce proceedings, and it was filed under both cause numbers. Pursuant to exchange-of-benches provisions applicable in Bexar County, Judge Yanta acted and signed the order for transfer and consolidation on behalf of both the 57th District Court and the 166th District Court. *See id.* at 442 ("The operation of these rules, in combination with evidence in the record identifying the court of exclusive jurisdiction, shows that any district judge assigned by the Presiding Judge to hear non-jury matters in SAPCR cases is actually acting for the court of exclusive jurisdiction[.]"); *Aguilera*, 37 S.W.3d at 52 (holding Bexar County district judge acted on behalf of the 73rd and 150th District Courts when

she was designated as the judge assigned by the centralized, rotating docket to determine motions for enforcement of child support obligations filed in cases before those courts). Therefore, the SAPCR was effectively transferred to the 166th District Court by the order. *See* TEX. FAM. CODE ANN. § 155.201(a).

We overrule Father's first issue and hold the 166th District Court had jurisdiction over matters related to the children when it issued its arrearages judgment.

### APPEAL FROM DIVORCE DECREE

We dismiss as untimely Father's appeal as it relates to his second issue, which challenges the divorce decree. Father argues that Mother failed to plead a material and substantial change in circumstances to justify the modification in the divorce decree of Father's child support obligations. The trial court rendered its divorce decree on May 22, 2018, and the decree recites: "[Father] . . . failed to appear and defaulted." Father filed his notice of appeal on July 1, 2020. Father's appeal, even if construed as a restricted appeal, is untimely. *See* TEX. R. APP. P. 26.1(c) (requiring notice of appeal in a restricted appeal be filed within six months after judgment is signed); *see also id.* R. 26.1(a) (requiring notice of appeal (when not a restricted or accelerated appeal) be filed within 30 days after judgment is signed, except notice must be filed within 90 days after judgment is signed if a party files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusion of law).

### CONCLUSION

We dismiss Father's appeal from the divorce decree and from the trial court's contempt order. We affirm the trial court's arrearages judgment.

Rebeca C. Martinez, Chief Justice