**Opinion issued December 15, 2022**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-21-00133-CV

—————————————

**LINDSEY HUMES, Appellant**

**V.**

**JOHN ZACHARIAH COBB, Appellee**

On Appeal from the 247th District Court
Harris County, Texas
Trial Court Case No. 2016-36721

## MEMORANDUM OPINION

Appellant Lindsey Humes and appellee John Zachariah Cobb share a daughter, A.C., who was the subject of a suit affecting the parent-child relationship ("SAPCR"). After each party petitioned to modify the court's order in the suit, the court held a bench trial in December 2020. After trial, the court entered an order

modifying the SAPCR. On appeal, Humes contends that the trial court abused its discretion by reducing the amount of child support paid by Cobb. Cobb concedes that the trial court's order regarding child support should be reversed. We reverse the trial court's order as to child support and remand for further proceedings.

**Procedural Background**

In March 2017, the trial court entered an agreed order in the SAPCR concerning A.C. In 2019, Cobb petitioned to modify the order. Humes filed a counter-petition to modify in November 2020. After a bench trial, the trial court entered an order modifying the SAPCR in February 2021.

Among other items, the February 2021 order provides that "the child support obligation of John Zachariah Cobb owed to [Humes] previously ordered is hereby terminated as of December 31, 2020 except as provided in this order." The court also terminated the wage withholding order for child support. In the same order, the trial court found that "[t]here is good cause to deviate from the award and assessment of guideline child support due to the additional costs that will be incurred by the parties for family therapy." The court ordered that Cobb, "in lieu of direct child support, is ORDERED to instead pay 50% of the costs of family therapy child support." The court also ordered Humes to pay half of the cost of family therapy.

2

On appeal, Humes argues that the trial court abused its discretion by ordering child support that deviates from the statutorily mandated child support guidelines without making a factual finding to support the deviation. She argues that the court's order finds that there is a need for additional support to cover the costs of family therapy while simultaneously reducing child support owed by Cobb to only 50 percent of the cost of therapy. She contends that the trial court abused its discretion by acting in opposition to the guiding principles of the Texas Family Code and deviating from the child support guidelines.

Rather than filing a brief, Cobb submitted a letter entitled, "Appellee's Stipulation That the Trial Court's Order as to Child Support Should be Reversed and Remanded." He states that he cannot make a good faith legal argument in opposition to Humes's argument that the trial court abused its discretion by ordering that child support be terminated. He writes, "Accordingly, Appellee stipulates that the trial court's order only as to child support be reversed." He requests that the case be remanded to the trial court for further proceedings, including calculating child support.

## Standard of Review and Applicable

We review a trial court's decision regarding child support for abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). "The test for abuse of discretion is whether the trial court acted without reference to any

3

guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Id.* A trial court abuses its discretion by failing to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

Under the abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error but are merely factors to be considered in determining whether the trial court abused its discretion. *See Cline v. Cline*, 557 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2018, no pet.). "Consequently, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion." *Id.* The focus of the first step is the sufficiency of the evidence. *Id.* Under the second step, we must decide whether, based on the evidence before it, the trial court made a reasonable decision. *Id.*

Generally, child support is calculated by applying statutory guidelines to the obligor's monthly net resources. *See* TEX. FAM. CODE § 154.125. For one child, the guidelines provide that child support is to equal 20 percent of the obligor's net resources. *Id.* § 154.125(b). The trial court may deviate from the guidelines if evidence rebuts the presumption that application of the guidelines is in the best interest of the child. *Id.* § 154.123. If the guidelines are not followed, a trial court must make specific findings as to (1) the net resources of the obligor and the

4

oblige, (2) the percentage applied to the obligor's net resources, and (3) if applicable, the specific reasons for the deviation from the guidelines. *Id.* §§ 154.130(a)(3), (b). Modification orders must be in accordance with the statutory requirement that such an order is based on a showing of a material and substantial change in circumstances of the child or a person affected by the order. *Id.* § 156.401(a)(1); *Nellis v. Haynie*, 596 S.W.3d 920, 925 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

## Analysis

The evidence at trial included Cobb's testimony that he was paid a salary of $95,000 per year or approximately $7,500 per month. There is nothing in the record regarding any additional children or additional income. The record also reflects that prior to the court's February 2021 order, Humes received $1,200 per month child support from Cobb.

The court's February 2021 order finds that "there is good cause to deviate from the award and assessment of guideline child support due to the additional costs that will be incurred by the parties for family therapy." The order modifies support by terminating the prior support order and ordering that Cobb pay half of the cost of family therapy. Humes argues that this reduces the total financial support for A.C. by terminating the $1,200 per month payment and ordering that

Humes and Cobb each pay half of the cost of family therapy. The record does not state the cost of family therapy.

In his letter filing, Cobb stipulates that the trial court's findings as to child support are erroneous. He states that he did not request that his child support be terminated and that he testified that he would comply with the child support guidelines. We agree that the record does not contain facts to support the trial court's modification of the child support award.

Moreover, because the trial court determined that the evidence supported deviating from the child support guidelines, the trial court was required to make specific findings required by the Family Code. *See* TEX. FAM. CODE §§ 154.130(a)(3), (b). The trial court did not make the required findings, either in writing or orally at the hearing.

We therefore hold that the trial court abused its discretion in modifying the child support order.

## Conclusion

The trial court erred by: (1) terminating John Zachariah Cobb's obligation to pay child support to Lindsey Diane Humes, and (2) terminating wage withholding for child support from the pay of John Zachariah Cobb; and (3) ordering John Zachariah Cobb to pay 50 percent of the costs of family therapy "in lieu of direct child support." Accordingly, we reverse the "Child Support" paragraph on page 16 of the trial court's judgment and remand the case to the trial court for further proceedings.


Peter Kelly
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.