Opinion issued January 29, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00137-CV

————————————

**ERIC OWENS, Appellant**

**V.**

**NICOLE JOHNSON, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-48297**

---

## MEMORANDUM OPINION

This appeal arises from the trial court's order that (1) modified Eric Owens's monthly child-support obligation to his ex-wife, Nicole Johnson, and (2) confirmed the amount of an arrearage for child support that Owens already owed to Johnson.

Challenging this order, Owens makes two arguments. First, he argues the trial court abused its discretion in its modification of his monthly child-support obligation. Even though the trial court lowered the amount he owed, he contends the trial court miscalculated his income by relying on an online military pay calculator to determine his income as a soldier and by failing to credit Owens's own calculation of his income. Thus, he argues, the new amount is still too high. Second, Owens argues the trial court abused its discretion in confirming the child-support arrearage; he bases his argument on his characterization of evidence he introduced.

But Owens's arguments do not support reversal on this record. To begin, the record shows the trial court did not rely on the online military pay calculator he challenges. Instead, the court excluded that evidence as hearsay. Moreover, fact disputes that turned on credibility assessments existed concerning Owens's calculation of his income and the child-support arrearage. The trial court sitting as factfinder had to resolve these credibility issues, and we cannot revisit these credibility issues based on our review of the appellate record. Accordingly, Owens has not shown that the trial court abused its discretion here. We affirm.

## BACKGROUND

### The Lawsuit

Owens filed suit seeking to modify the amount of child support he owed under a previous order. Johnson answered, countersued, and moved to enforce the existing

child-support order, alleging that Owens had failed to pay amounts he owed.

## Bench Trial

Owens and Johnson tried their dispute to the bench over the course of three days in 2023. Only Owens and Johnson testified. They relied on various exhibits.

### A.     Monthly Child Support

A September 18, 2020 Order entered in another state required Owens to pay Johnson $1,820.71 per month in child support for the two children they had together. This Order was premised on a monthly gross income of $4,773.69 for Owens.

*Owens's assertions*

Owens asserted that his income had decreased, warranting a reduction in his obligation. Specifically, Owens testified that, when the previous Order issued, he was a staff sergeant on active duty with ten years of service in the United States Army. He argued that although he held the same rank at the time of this trial, with twelve years of service, his service status had changed. Owens stated that while he remained on active duty, he did so as member of the guard or reserve, and that this change in status had altered his gross income.

Owens also testified that he previously received housing and food allowances for which he was no longer eligible. He testified that his remarriage to another service member affected his eligibility for a housing allowance. He said only one of

them could receive such an allowance, and, according to him, his wife did. And he said loss of these allowances reduced his monthly gross income by almost $1,500.

Owens testified that his monthly gross income was now $3,304.26.

Owens also testified that his expenses for the children's medical and dental insurance increased. When the previous Order issued, Owens says he paid $0 per month for medical coverage for the children and $30 per month for their dental insurance. But he testified that he now pays $450.30 monthly for their insurance, with medical coverage costing $150 and dental coverage costing $300.30.

In sum, accounting for expenses, Owens asserted that his net monthly income was now $2,361.51. Applying the legal guideline for child support, he consequently asserted his monthly child-support obligation should be $531.34.

On cross-examination, Owens conceded that his pay was being garnished but that this was not shown on the Military Leave and Earnings Statements he introduced into evidence. He stated that this might be reflected in some other Defense Finance and Accounting Service document or record.

Moreover, Owens acknowledged that he had not provided evidence of his income as of trial—even though this information could be obtained through the Army's MyPay website. He said that one can only log in to this website via a government computer on post due to security. Barring logging in, Owens said, he

would need to request this information from his unit's finance section (which he did not do, as far as the record shows).

Finally, when asked if it would surprise him that the Army reported to the Office of the Attorney General that he has a higher income than claimed, Owens said, "yes."

*Johnson's assertions*

Johnson's testimony was different. She asserted that Owens still had housing and food allowances—although she conceded that she had no documentary proof to support her assertion and that she is not an expert regarding military benefits.

Johnson also disputed Owens's testimony about increased costs for the children's medical and dental insurance. She testified it was not possible that the cost for dental coverage had increased a thousandfold in just three years' time, and she maintained that "there's no cost to the soldiers" for medical insurance.

By Johnson's calculation, Owens's monthly child-support obligation should be $1,237.43. She based her calculation on the reported income of a staff sergeant with twelve years of service, as calculated by an online military pay calculator. Her calculation assumed that Owens was receiving housing and food allowances.

Owens objected that the online military pay calculator was inadmissible hearsay when Johnson tried to introduce it into evidence. The trial court sustained his objection, thereby excluding the online military pay calculator.

**B.     Child-Support Arrearage**

As to the child-support arrearage, Johnson relied on the Attorney General's records. Based on these records, which reflected a child-support arrearage, she said Owens owed $6,896.31 in past due child support.

Owens, on the other hand, asserted that the September 18, 2020 Order had been in place for 35 months, obligating him to pay $63,700 in child support so far.[1] He asserted that records from the Office of the Attorney General showed he had paid $44,657.53. Subtracting the latter amount from the former one, Owens stated that this left $19,042.47, which he says he paid directly to Johnson.

According to Owens, these direct payments were not shown in the Attorney General's records. As proof of direct payments, Owens relied on certain (partially redacted) bank statements, which he introduced into evidence.

Owens insisted he had paid in full and owed no child-support arrearage.

## Trial Court's Order

The trial court signed a final, appealable order in which it reduced Owens's monthly child-support payment to $1,046.46. The trial court also confirmed that Owens has an existing child-support arrearage in the amount of $6,896.31.

---

[1]    The actual amount owed under this calculation is $63,724.85.

## DISCUSSION

### Standard of Review

We review a trial court's modification of a child-support obligation for an abuse of discretion. *Banakar v. Krause*, 674 S.W.3d 564, 573 (Tex. App.—Houston [1st Dist.] 2023, no pet.). We review the court's confirmation of an arrearage amount for an abuse of discretion as well. *Cline v. Cline*, 557 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Generally speaking, the trial court abuses its discretion if it acts arbitrarily or unreasonably or does so without reference to guiding rules and principles. *Banakar*, 674 S.W.3d at 573; *Cline*, 557 S.W.3d at 813.

In a bench trial, the trial court sits as factfinder. *Banakar*, 674 S.W.3d at 573. We view the evidence in the light most favorable to its decision and indulge every legal presumption in its favor. *Id.* The trial court is the sole judge of the witnesses' credibility and decides what weight to assign their testimony. *Id.* at 573–74. And the trial court may choose to believe one witness and not another. *Id.* at 574.

### Applicable Law

The parties do not disagree about the applicable law. In general, the first step in deciding the amount of a monthly child-support obligation is to calculate, if feasible, the income of the parent in question. *Id.*; *see* TEX. FAM. CODE §§ 154.061(a), 154.062. Once this is done, the trial court applies the child support percentage guidelines to set the amount of child support owed. *Banakar*, 674 S.W.3d

at 574; *see* TEX. FAM. CODE §§ 154.121–154.133. After an order has been signed awarding monthly child support, the order may be modified if the circumstances of the child or children at issue or a person affected by the order have since materially and substantially changed. *See* TEX. FAM. CODE § 156.401(a).

An arrearage occurs when a parent who owes child support has not satisfied his obligation. *Ochsner v. Ochsner*, 517 S.W.3d 717, 720 (Tex. 2016). A trial court is authorized to confirm the amount of any such arrearage. *Id.*; *see* TEX. FAM. CODE § 157.263. In doing so, the trial court may take into account direct payments. *See Ochsner*, 517 S.W.3d at 722 ("[T]he statute contemplates that the trial court has discretion to consider direct payments either to the other parent or to a third party in deciding whether an arrearage exists.").

## I. Owens's child-support arguments do not support reversal here.

Owens does not raise legal- or factual-sufficiency issues. Instead, Owens argues the trial court abused its discretion by (1) miscalculating his income based on an online military pay calculator, and (2) not crediting Owens's own calculation. His arguments do not support reversal.

### A. Online Military Pay Calculator

Owens first argues that the trial court erred in relying on the online military pay calculator proffered by Johnson to calculate his income. But the record refutes this argument.

The trial court excluded the online calculator as hearsay. When a trial court sitting as factfinder rules that proffered evidence is inadmissible, we presume that, consistent with its ruling, the trial court disregarded the evidence in making its decision. *See Kenny v. Portfolio Recovery Assocs.*, 464 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (appellate court presumes that trial court disregards improperly admitted evidence when presiding over bench trial).

Nothing in the record defeats this presumption. The trial court's order, which sets Owens's monthly child-support obligation at $1,046.46, does not correspond to the child-support amount that Johnson calculated based on the online military pay calculator, which was $1,237.43. Owens's argument does not account for this difference between Johnson's monthly child-support calculation and the lower amount awarded by the trial court or explain how or why the trial court's award is derived from Johnson's calculation in whole or in part. He therefore has not shown that the trial court relied on the online military pay calculator and abused its discretion by doing so.

## B. Owens's Child-Support Calculation

Owens next argues that the trial court should have accepted his calculation of his income. But the trial court sitting as factfinder was free to disbelieve Owens in whole or in part. *See Banakar*, 674 S.W.3d at 573 (trial court sole judge of credibility).

9

The parties disputed whether Owens continued to receive housing and food allowances, which significantly affected the amount of Owens's income. We cannot revisit and displace the trial court's credibility determinations. *See id.*

Johnson also called into question the completeness of Owens's exhibits. Owens acknowledged that he did not provide evidence of his income through the Army's MyPay website. And Owens conceded that the Military Leave and Earnings Statements he introduced did not reflect the garnishment of his wages, even though his wages were being garnished. On this record, and given the dispute about allowances as well, the trial court could have found that the Statements did not offer a full picture of his actual income.

In sum, because the accuracy and completeness of Owens's income-related evidence was disputed and the resolution of this dispute depended on the truthfulness of Owens's testimony regarding his pay and benefits, the trial court did not abuse its discretion by not accepting his child-support calculation.

* * *

Neither of Owens's arguments shows an abuse of discretion here, as neither one demonstrates that the trial court acted arbitrarily or unreasonably or without reference to guiding rules or principles. *See In re Marriage of Comstock*, 639 S.W.3d 118, 136 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (decision on child-support

10

amount must stand "unless" appellant "can show a clear abuse of discretion"); *Banakar*, 674 S.W.3d at 573 (stating abuse-of-discretion standard).

We overrule Owens's first appellate issue.

## II.    Owens's arrearage assertion also offers no basis to reverse.

Finally, Owens argues the trial court abused its discretion in confirming a child-support arrearage in the amount of $6,896.31. He reasons that bank statements he introduced into evidence show he paid this amount already.

But the trial court could have discounted this evidence because the evidentiary value of the statements depends on Owens's testimony about them. Owens testified that the bank statements he introduced showed direct payments he made as child-support payments that were not reflected in the records of the Office of the Attorney General. Johnson, on the other hand, insisted the Attorney General records, which were also admitted into evidence, were complete as to his child support payments.

An examination of the bank statements, on their own, does not show which side is correct about Owens's direct payments. The statements contain the following notation next to each of the ostensible direct payments: "Transfer to Checking Nicole L. Johnson." But the record does not divulge who made these notations—whether Owens or someone else—and the redacted bank statements do not contain any additional information showing that the payments were actually transferred into

11

Johnson's checking account. Moreover—and importantly—the record also does not show, even if these payments were sent to Johnson, that they were made for child support, rather than something else.[2] As the judge of the credibility of the witnesses, the trial court was free to disbelieve Owens's testimony about the statements. *See Banakar*, 674 S.W.3d at 573.

The trial court did not abuse its discretion in resolving a fact dispute based on its evaluation of the credibility of witness testimony. *See McLane v. McLane*, 263 S.W.3d 358, 366–67 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (rejecting party's argument "that it was an abuse of discretion for the trial court not to believe his testimony and evidence regarding his financial status" because "almost all of the evidence" necessitated an evaluation of credibility; when "trial court's decision regarding the appropriate amount of child support is based, in part, on the credibility of the witnesses, a matter within the trial court's purview, we will not disturb that decision on appeal"), *overruled in part on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). Owens has not shown that the trial court abused its discretion by declining to accept his representations as to the bank statements and their

---

[2] We note that under the September 18, 2020 Order, Owens was obligated to pay Johnson $6,000 in attorney's fees. Assuming Owens made the payments to Johnson reflected in the bank statements, some portion of these payments could have been for these fees rather than child support. The statements do not say one way or another, and the record lacks any evidence as to this.

12

significance or, by finding, contrary to Owens's representations about them, that he still owed the $6,896.31 arrearage at issue.

We overrule Owens's second appellate issue.

## CONCLUSION

We affirm the trial court's order.


Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Guerra, and Caughey.