

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00796-CV

Joey **HERNANDEZ**,
Appellant

v.

Dulce Estrella **CASAS**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-EM5-04786
Honorable Marisa Flores, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: February 4, 2026

DISMISSED FOR LACK OF JURISDICTION

Pro se appellant Joey Hernandez seeks to appeal a contempt order arising from a SAPCR enforcement proceeding. The trial court signed a contempt order on May 11, 2023, in which it enumerated Hernandez's outstanding child-support obligations, reduced the arrearages to judgment, and suspended confinement on conditions related to payment of those arrearages. On September 17, 2025, the trial court revoked the suspension and ordered appellant committed to jail. Appellant filed a notice of appeal on December 10, 2025.

Appellate courts lack jurisdiction to review a contempt order on direct appeal. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Interest of R.H.B.*, 660 S.W.3d 136, 145 (Tex. App.—San Antonio 2022, no pet.); *In re T.L.K.,* 90 S.W.3d 833, 841 (Tex. App.—San Antonio 2002, no pet.). Contempt orders involving confinement must be reviewed by writ of habeas corpus, while contempt orders that do not involve confinement may be reviewed only through mandamus.[1] *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *In re M.J.,* 227 S.W.3d 786, 793 (Tex. App.—Dallas 2006, pet. denied). However, in certain SAPCR cases, where a contempt order also renders a cumulative money judgment for arrearages, we will construe the money judgment portion of the order as an appealable enforcement order and assume jurisdiction over the money judgment only. *See Interest of J.V.O.*, No. 04-20-00346-CV, 2021 WL 3742678, at *2 (Tex. App.—San Antonio Aug. 25, 2021, no pet.) (mem. op.); *Interest of C.C.E.*, No. 04-20-00416-CV, 2021 WL 3173913, at *2 (Tex. App.—San Antonio July 28, 2021, no pet.) (mem op.); *In re E.H.G.*, 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.).

Even assuming this exception allows us to consider Hernandez's claims regarding the accuracy of the trial court's arrearages determinations, we remain bound by the rules of appellate procedure. A notice of appeal must be filed within thirty days after the judgment or order is signed. TEX. R. APP. P. 26.1. That deadline may be extended to ninety days if a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under Texas Rule of Civil Procedure 165a, or properly requests findings of fact and conclusions of law. TEX. R. APP. P.

---

[1] We note that Hernandez sought and was denied both habeas and mandamus relief for his complaints in earlier proceedings before this court. *See In re Hernandez*, No. 04-25-00799-CV, 2026 WL 160708, at *1 (Tex. App.—San Antonio Jan. 21, 2026, no pet. h.) (habeas); *In re Hernandez*, No. 04-25-00595-CV, 2025 WL 2976626, at *1 (Tex. App.—San Antonio Oct. 22, 2025, no pet.) (mandamus).

26.1(a). In this case, Hernandez timely filed a "Motion for Judicial Review and Correction of Child Support Arrears Balance Due to Due Process Violations," which we will construe as a motion to modify the judgment. Therefore, Hernandez's notice of appeal was due on August 9, 2023. *See* TEX. R. APP. P. 4.1, 26.1. Hernandez did not file his notice of appeal until December 10, 2025—over two years late.

The trial court's September 17, 2025, order revoking the suspension of commitment does not alter this analysis. That order did not render a new money judgment, recalculate arrearages, or impose any other non-punitive judgment; it merely enforced the previously rendered contempt and arrearage judgment by finding non-compliance and revoking the suspension of confinement. *See Interest of C.C.E.*, 2021 WL 3173913, at *2. An order revoking suspension of commitment is itself a contempt order and is, likewise, not reviewable by direct appeal. *See In re Fountain*, 433 S.W.3d 1, 7-8 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Because an untimely notice of appeal deprives this court of jurisdiction, we ordered Hernandez to show cause why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3; *Wilkins v. Methodist Health Care Sys.,* 160 S.W.3d 559, 563 (Tex. 2005). We advised Hernandez that failure to do so would result in dismissal of this appeal. *See* TEX. R. APP. P. 42.3(a), (c); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). In response, Hernandez argues that due process concerns require appellate review. This argument does not establish jurisdiction. "Rather, a timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal." *Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (citing *Verburgt*, 959 S.W.2d at 617).

The appeal is therefore dismissed for lack of jurisdiction.

PER CURIAM